PINCH *v.* MAXWELL, WARDEN.

[Cite as Pinch v. Maxwell, Warden, 3 Ohio St. 2d 212.]

(No. 39577—Decided September 29, 1965.)

*Messrs. Sheldon & Warren,* for petitioner.

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Petitioner contends that his conviction is invalid because both the prosecuting attorney and the court commented on his failure to take the witness stand and testify. In *Griffin* v. *California,* 85 S. Ct. 1229, decided April 28, 1965, the court stated:

"We said in *Malloy* v. *Hogan* [378 U. S. 1, 11] * * * that 'the same standards must determine whether an accused's silence in either a federal or state proceeding is justified.' We take that in its literal sense and hold that the Fifth Amendment, in its direct application to the federal government and its bearing on the states by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."

The question presented by the instant case is whether the newly declared ruling of *Griffin* shall have retrospective application. By retrospective application of a newly declared ruling, we mean (as was pointed out in *Linkletter* v. *Walker, Warden* [June 7, 1965], 85 S. Ct. 1737, at page 1737, in the opinion by Mr. Justice Clark and in note 13 thereto) the application of that ruling to convictions which had become final, *i. e.,* where, as in the instant case, the judgment of conviction had been rendered, the availability of appeal exhausted, and the time for petition for certiorari to the United States Supreme Court had elapsed before the first declaration of such newly declared ruling.

The court characterized the substance of the question presented to it in *Griffin* as follows:

"* * * It is in substance a rule of evidence that allows the

state the privilege of tendering to the jury for its consideration the failure of the accused to testify. No formal offer of proof is made as in other situations; but the prosecutor's comment and the court's acquiescence are the equivalent of an offer of evidence and its acceptance. * * *''

The most recent pronouncement of the Supreme Court of the United States in relation to the retrospective application of constitutional judicial decisions appears in *Linkletter* v. *Walker, Warden, supra,* which held the *Mapp* rule (*Mapp* v. *Ohio,* 367 U. S. 643) in relation to illegally obtained evidence not retrospective in application. That case, as does the instant case, involved application of a rule of evidence. After an exhaustive dissertation on the many factors bearing on the issue as to whether the newly declared ruling should be given retrospective application the court said:

''We believe that the existence of the *Wolf* doctrine prior to *Mapp* is 'an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration.' * * * The thousands of cases that were finally decided on *Wolf* cannot be obliterated. The 'particular conduct, private and official,' must be considered. Here 'prior determinations deemed to have finality and acted upon accordingly' have 'become vested.' And finally, 'public policy in the light of the nature both of the * * * [*Wolf* doctrine] and of its previous application' must be given its proper weight * * *. In short, we must look to the purpose of the *Mapp* rule; the reliance placed upon the *Wolf* doctrine; and the effect on the administration of justice of a retrospective application of *Mapp*.
''* * *

''Finally, there are interests in the administration of justice and the integrity of the judicial process to consider. To make the rule of *Mapp* retrospective would tax the administration of justice to the utmost. Hearings would have to be held on the excludability of evidence long since destroyed, misplaced or deteriorated. If it is excluded, the witnesses available at the time of the original trial will not be available or if located their

memory will be dimmed. To thus legitimate such an extraordinary procedural weapon that has no bearing on guilt would seriously disrupt the administration of justice.''

In the present case we have two of the three factors which the court found should be taken into consideration in disposing of the question of retrospective operation, *i. e.*, reliance and effect.

As to reliance, as early as 1908, in *Twining* v. *New Jersey*, 211 U. S. 78, and later in *Adamson* v. *California*, 332 U. S. 46, it was held that comment by counsel on the failure of the accused to testify did not constitute a violation of the due process clause of the Fourteenth Amendment.

In *Adamson*, the court said:

''* * * It is settled law that the clause of the Fifth Amendment, protecting a person against being compelled to be a witness against himself, is not made effective by the Fourteenth Amendment as a protection against state action * * *.''

Thus, there was no reason to compel states to revise their rules permitting comment on a defendant's failure to testify. Hence, in reliance on holdings of the Supreme Court of the United States, the practice to permit such comment was continued. As a result, it was standard practice for the court and prosecuting attorney to comment on such failure. In Ohio, such procedure was authorized both by constitutional provision and by statute. Section 10, Article I of the Ohio Constitution, and Section 2945.43, Revised Code. The provision for such comment is a part of the section of the Ohio Constitution providing for the privilege against self-incrimination.

To apply *Griffin* retrospectively would serve as a foundation for upsetting convictions in a large number of cases decided long ago wherein the accused failed to testify and the court and prosecuting attorney commented on such fact in accordance with the procedure formally approved by the Supreme Court of the United States. Release would not be based on the innocence of the accused but on a newly declared ruling first announced long after the time of his conviction. Such retrospective application of that newly declared ruling would not

benefit the honest citizen but would serve only to create a new method whereby convicted felons could avoid their convictions. No apparent public purpose would be served by such retrospective application.

Our conclusion is that the rule, enunciated first in *Griffin v. California, supra,* that it is improper for either the prosecuting attorney or the court to comment on the fact that the accused did not testify, should not be given effect retrospectively.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.