[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 614.]

JOHNSON, APPELLANT, *v.* TIMMERMAN-COOPER, WARDEN, APPELLEE.

[Cite as *Johnson v. Timmerman-Cooper*, 2001-Ohio-1803.]

*Juvenile court—Transfer of case for criminal prosecution—Habeas corpus*
*sought to compel relator's release from prison due to void conviction and*
*sentence on authority of State v. Hanning—Court of appeals' denial of*
*writ reversed and writ granted, when.*

(No. 01-736—Submitted October 2, 2001—Decided November 28, 2001.)

APPEAL from the Court of Appeals for Union County, No. 14-2001-01.

_____

*Per Curiam.*

{¶ 1} On the evening of February 20, 1997, Quantez Wright, Steven
Wright, Teia Smith-Armstrong, and appellant, Faith Hope Johnson, robbed Don's
No. 1 Quick Stop, a convenience store in Columbus, Ohio. Quantez Wright was
armed with a semiautomatic nine-millimeter rifle, and Steven Wright was armed
with a twelve-gauge shotgun. Johnson was not armed.

{¶ 2} During the robbery, Quantez Wright shot and killed one employee and
wounded another employee. Johnson and Smith-Armstrong stole merchandise,
cigarettes, and money before fleeing the store. The robbery was planned by a gang
known as the Linden Avenue Crips and occurred on Johnson's sixteenth birthday.

{¶ 3} In March 1997, a complaint was filed in the Franklin County Court of
Common Pleas, Division of Domestic Relations, Juvenile Branch. In the
complaint, Johnson was charged with delinquency counts of involuntary
manslaughter and aggravated robbery in connection with the February 20, 1997
robbery. Johnson was further charged with having a firearm on or about her person
or under her control while committing the charged offenses and displaying,
brandishing, indicating possession of, and/or using a firearm to facilitate the

commission of the charged offenses. The state filed a motion to relinquish jurisdiction under the mandatory bindover provisions of R.C. 2151.26(B), requesting that the case be transferred to the general division of the common pleas court for Johnson's trial as an adult.

{¶ 4} Following a hearing, the juvenile court granted the state's motion and transferred the cause to the general division of the common pleas court for the prosecution of Johnson as an adult. The juvenile court found that Johnson was sixteen years old at the time of the charged conduct and that there was probable cause to believe that Johnson had committed the acts charged.

{¶ 5} In May 1997, the Franklin County Grand Jury returned an indictment charging Johnson with involuntary manslaughter, aggravated robbery, and felonious assault. The indictment included an accompanying firearm specification for each of the three counts. In August 1997, the common pleas court accepted Johnson's guilty plea to the charges of involuntary manslaughter, aggravated robbery, and the accompanying firearm specifications. The court accepted the state's request that a *nolle prosequi* be entered for the felonious assault charge. In February 1998, the court sentenced Johnson to an aggregate prison term of ten years.

{¶ 6} In June 2000, we decided *State v. Hanning* (2000), 89 Ohio St.3d 86, 728 N.E.2d 1059. In that case, we held at paragraph one of the syllabus that "[t]he mandatory bindover provision of R.C. 2151.26(B)(4)(b) does not apply unless the child, himself or herself, had a firearm on or about the child's person or under the child's control while committing the act charged and the child displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." In so holding, we emphasized that "the plain language of the bindover statute" dictated this result. *Id.* at 92, 728 N.E.2d at 1064.

2

{¶ 7} In January 2001, Johnson filed a complaint in the Court of Appeals for Union County for a writ of habeas corpus to compel appellee, Warden Deborah Timmerman-Cooper of the Ohio Reformatory for Women, to release her from prison. Johnson claimed that, based on *Hanning*, her conviction and sentence were void. Warden Timmerman-Cooper moved for summary judgment. In March 2001, the court of appeals granted the warden's motion and denied the writ. The court of appeals ruled that our holding in *Hanning* could not be retrospectively applied to Johnson.

{¶ 8} The cause is now before the court for a consideration of the merits and Johnson's motion for oral argument.

Oral Argument

{¶ 9} Johnson moves for oral argument in this appeal. We deny the motion. S.Ct.Prac.R. IX(2) does not require oral argument in this appeal, and Johnson does not specify why oral argument would be beneficial in this case. *State ex rel. Toma v. Corrigan* (2001), 92 Ohio St.3d 589, 591, 752 N.E.2d 281, 284. Furthermore, we have decided comparable issues without the benefit of oral argument. *Agee v. Russell* (2001), 92 Ohio St.3d 540, 751 N.E.2d 1043.

Retroactive Application of Decisional Law to Collateral Proceeding

{¶ 10} Johnson asserts that the court of appeals erred in refusing to retroactively apply the court's decision in *Hanning* to her habeas corpus action. In so holding, the court of appeals relied on the appellate court's decision in *Agee v. Russell* (Oct. 27, 2000), Warren App. No. CA2000-07-062, unreported.

{¶ 11} The court of appeals erred in so holding. The rationale it found persuasive was deemed erroneous by this court in *Agee*, 92 Ohio St.3d 540, 751 N.E.2d 1043. In *Agee*, we held that *Hanning* could be applied retrospectively in habeas corpus proceedings:

"In fact, there is no retroactivity issue here because we did not announce a new rule of law in *Hanning*. Instead, we merely determined what R.C. 2151.26 has meant since its enactment. * * *

"Therefore, the court of appeals erred in holding that under *Teague* [*v. Lane* (1989), 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334], and *Pinch* [*v. Maxwell* (1965), 3 Ohio St.2d 212, 32 O.O.2d 504, 210 N.E.2d 883], our decision in *Hanning* could not be applied to Agee's collateral challenge of his conviction and sentence in habeas corpus. This conclusion is consistent with our holding that ' "[i]n the absence of a specific provision in a decision denying its application to be prospective only, * * * the decision shall be applied retrospectively as well." ' *Lakeside Ave. Ltd. Partnership v. Cuyahoga Cty. Bd. of Revision* (1999), 85 Ohio St.3d 125, 127, 707 N.E.2d 472, 475, quoting *State ex rel. Bosch v. Indus. Comm.* (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418; *State v. Bolin* (1998), 128 Ohio App.3d 58, 62-63, 713 N.E.2d 1092, 1095. We did not specifically provide in *Hanning* that its application would be prospective only, so it may be applied retrospectively." *Agee*, 92 Ohio St.3d at 543-544, 751 N.E.2d at 1047.

{¶ 12} Therefore, the court of appeals committed error by denying the writ of habeas corpus on this basis.

{¶ 13} Nevertheless, we will not reverse a correct judgment based on an appellate court's erroneous rationale. *Id.* at 544, 751 N.E.2d at 1047. Therefore, we must examine the warden's alternate contention that Johnson is not entitled to the requested writ of habeas corpus because she has or had adequate alternate legal remedies by way of appeal or petition for postconviction relief.

Habeas Corpus

{¶ 14} A writ of habeas corpus is warranted in certain extraordinary circumstances "where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law." *Pegan v. Crawmer* (1996),

76 Ohio St.3d 97, 99, 666 N.E.2d 1091, 1094. The most common of these extraordinary circumstances in which the writ of habeas corpus will issue is when the petitioner successfully attacks the jurisdiction of the sentencing court. *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 187, 652 N.E.2d 746, 748.

{¶ 15} Johnson challenges the jurisdiction of her sentencing court here. Like the convicted juvenile in *Hanning*, Johnson was erroneously bound over for trial as an adult under the mandatory bindover provision in R.C. 2151.26(B)(4)(b), although the evidence was uncontroverted that she did not herself have a firearm on or about her person or under her control while committing the acts charged and that she did not display a firearm, brandish a firearm, indicate possession of a firearm, or use a firearm to facilitate commission of the acts charged.

{¶ 16} Johnson's allegation of improper bindover raises a viable habeas corpus claim. Absent a proper bindover procedure under R.C. 2151.26, the jurisdiction of a juvenile court is exclusive and cannot be waived. *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196, paragraphs one and two of the syllabus; *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 151, 656 N.E.2d 1282, 1284 (allegation of improper bindover raised potentially good cause of action in habeas corpus).

{¶ 17} Moreover, despite the warden's arguments to the contrary, the writ of habeas corpus is an appropriate remedy. As we recently reaffirmed, " '[w]hen a court's judgment is void because the court lacked subject-matter jurisdiction, habeas corpus is generally an appropriate remedy despite the availability of appeal.' " *Davis v. Wolfe* (2001), 92 Ohio St.3d 549, 552, 751 N.E.2d 1051, 1055, quoting *Rash v. Anderson* (1997), 80 Ohio St.3d 349, 350, 686 N.E.2d 505, 506; see, also, *In re Lockhart* (1952), 157 Ohio St. 192, 195, 47 O.O. 129, 131, 105 N.E.2d 35, 37, and paragraph three of the syllabus.

{¶ 18} Based on *Hanning* and the plain language of R.C. 2151.26(B)(4)(b),[1] Johnson's sentencing court patently and unambiguously lacked jurisdiction to convict and sentence her on the charged offenses when she had not been lawfully transferred to that court. The resulting conviction and sentence are void, and the availability of alternate remedies does not prevent issuance of the writ.

{¶ 19} The cases cited by the warden do not require a contrary conclusion. See *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 667 N.E.2d 1194 ("*Gaskins II*"); *State ex rel. Fryerson v. Tate* (1999), 84 Ohio St.3d 481, 705 N.E.2d 353. In *Gaskins II*, the bindover entry filed following the allowance of the writ and ordering of a return established full compliance with the bindover requirements, and the petitioner merely challenged the accuracy of the entry. And in *Fryerson*, 84 Ohio St.3d at 485, 705 N.E.2d at 356, we concluded that the petitioner was not actually challenging the bindover. Johnson *is not* merely challenging the accuracy of the bindover entry, and she *is* challenging the propriety of her bindover.

{¶ 20} Finally, the warden suggests that habeas corpus is inappropriate because Johnson may still be subject to discretionary bindover under R.C. 2151.26(C) following an amenability hearing. While Johnson may indeed be subject to a discretionary bindover in the future, see *Hanning*, 89 Ohio St.3d at 93-94, 728 N.E.2d at 1065, she is entitled to release from prison now because her sentencing court patently and unambiguously lacked subject-matter jurisdiction to try, convict, and sentence her for the charged offenses. See *Larsen v. State* (2001), 92 Ohio St.3d 69, 69, 748 N.E.2d 72, 73 ("Habeas corpus is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison").

## Conclusion

---

1. For purposes of R.C. 2151.26, involuntary manslaughter and aggravated robbery are Category Two offenses. R.C. 2151.26(A)(2). Effective January 1, 2002, R.C. 2151.26 will be repealed and it will be amended and recodified as R.C. 2152.12. 2000 Am.Sub.S.B. No. 179, Section 3.

**{¶ 21}** Based on the foregoing, the court of appeals erred in denying the writ. Under the court's holding in *Agee,*[2] Johnson was entitled to have the court of appeals apply our decision in *Hanning* retrospectively to her collateral proceeding in habeas corpus. In addition, Johnson established her entitlement to the writ. Therefore, we reverse the judgment of the court of appeals and grant the writ.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., DOUGLAS, PFEIFER and COOK, JJ., concur.

RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

**{¶ 22}** I respectfully dissent from the majority opinion.

**{¶ 23}** The majority holds that the failed bindover deprived the common pleas court of jurisdiction to accept Johnson's plea and to impose sentence, and therefore a writ of habeas corpus should issue, resulting in her immediate release. I disagree.

**{¶ 24}** Typically, where a court lacks subject-matter jurisdiction to convict an individual, habeas corpus is the appropriate remedy. See *Rash v. Anderson* (1997), 80 Ohio St.3d 349, 350, 686 N.E.2d 505, 506. Consequently, this court has determined that "[a] habeas corpus petition which alleges that the court lacked jurisdiction over the petitioner due to an improper bindover states a potentially good cause of action in habeas corpus." *State ex rel. Harris v. Anderson* (1996), 76 Ohio St.3d 193, 195, 667 N.E.2d 1, 2; see, also, *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 151, 656 N.E.2d 1282, 1284.

_____

2. In *Agee*, 92 Ohio St.3d at 548, 751 N.E.2d at 1050-1051, the court limited *Hanning* to mandatory bindover cases under R.C. 2151.26(B)(4)(b), which is the bindover provision used by the juvenile court here to support the transfer of jurisdiction over Johnson to the general division of the common pleas court.

**{¶ 25}** However, contrary to the typical habeas corpus case where a defendant seeks immediate release because the court lacks subject-matter jurisdiction to convict the defendant, I believe that a failed bindover should not result in the juvenile's immediate release pursuant to a writ of habeas corpus. A writ of habeas corpus will issue only where an individual is *unlawfully* restrained and there is no adequate remedy in the ordinary course of the law. *Holloway v. Clermont Cty. Dept. of Human Serv.* (1997), 80 Ohio St.3d 128, 130, 684 N.E.2d 1217, 1219. I agree that where the bindover was improper, continued incarceration of the juvenile for the *conviction* rendered in the *general division of the court of common pleas* is void *ab initio*. However, I believe that when the bindover fails, jurisdiction over the juvenile reverts to the juvenile court for the alleged criminal acts.

**{¶ 26}** In *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196, Wilson was convicted of grand theft and sentenced to imprisonment. Subsequent to the completion of his sentence, Wilson sought to vacate his judgment of conviction. Wilson alleged that at the time of the grand theft, he was a juvenile, and thus his conviction for grand theft was void. The trial court denied Wilson's motion. However, the court of appeals reversed the judgment of the trial court and remanded the cause with instructions to vacate the judgment of conviction. "The court explained that the bindover procedure described in R.C. 2151.26 provides the only way in which a juvenile court can *relinquish* its exclusive original jurisdiction over a juvenile." (Emphasis added.) *Wilson*, 73 Ohio St.3d at 42, 652 N.E.2d at 198. On appeal, this court affirmed the appellate court's judgment, holding "*that absent a proper bindover* procedure pursuant to R.C. 2151.26, the *juvenile court has exclusive subject matter jurisdiction over any case* concerning a child who is alleged to be a delinquent." (Emphasis added.) *Wilson*, 73 Ohio St.3d at 44, 652 N.E.2d at 199. Thus, if the bindover to the court of common pleas fails, the juvenile

court has technically never relinquished jurisdiction over the original delinquency allegations.

**{¶ 27}** A juvenile court has the authority to detain that juvenile pending disposition of his or her case. See, *e.g.*, R.C. 2151.31. Thus, a failed bindover should result in a remand of the juvenile to the custody of the juvenile court for further disposition of the case, including the possibility of a subsequent discretionary bindover. See *State v. Hanning* (2000), 89 Ohio St.3d 86, 94, 728 N.E.2d 1059, 1065.

**{¶ 28}** Thus, I would hold that while a juvenile may no longer be subject to incarceration for a conviction that was the result of an improper bindover to the general division of the court of common pleas, the juvenile court, pursuant to its exclusive jurisdiction, may detain the juvenile consistent with applicable law and constitutional requirements until it takes action to dispose of the case. Therefore, because a failed bindover should result in a remand of the juvenile to the custody of the juvenile court, a writ of habeas corpus should not issue. To the extent that my dissent conflicts with the view that an improper bindover states a potentially good cause of action in habeas corpus, I would overrule *State ex rel. Harris v. Anderson* (1996), 76 Ohio St.3d 193, 667 N.E.2d 1.

**{¶ 29}** In the case at bar, because the bindover was improper, Johnson's conviction is void *ab initio*. However, because the juvenile court retains jurisdiction over Johnson, it has the authority to detain Johnson subsequent to her release from incarceration from her void conviction pending disposition of her case. Therefore, I cannot say that continued detention pursuant to the juvenile court's jurisdiction would be unlawful, and thus I do not believe that a writ of habeas corpus should issue. Accordingly, I dissent.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

_____

*David H. Bodiker*, Ohio Public Defender, and *John Fenlon*, Assistant Public Defender, for appellant.

*Betty D. Montgomery*, Attorney General, and *Stephanie L. Watson*, Assistant Attorney General, for appellee.

_____