This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Michael Fender, has appealed the decision of the Lorain County Court of Common Pleas, which convicted him of two counts of aggravated robbery with a gun specification, felonious assault with a gun specification, tampering with evidence, grand theft of a motor vehicle, and kidnapping. This Court affirms.
 I.
On January 20, 1999, appellant, along with three co-defendants, attempted to purchase marijuana from two sellers they met in North Ridgeville, Ohio. Upon learning that the sellers had no marijuana for them, the appellant and his co-defendants pulled the sellers out of their car at gunpoint, dragged the sellers onto a lawn, restrained them with duct tape and took some of the sellers' clothing and other personal belongings. The appellant and his co-defendants assaulted the sellers, specifically hitting one seller with a gun before they drove off with the sellers' car and set the car on fire at a location in Cleveland.
Appellant was sixteen years old at the time of the offenses. Subsequently, he was originally charged in juvenile court with delinquency for committing two counts of aggravated robbery, both with gun specifications, two counts of kidnapping, both with gun specifications, and two counts of theft, one with a gun specification. On February 17, 1999, appellant appeared before the juvenile court, where he waived his right to proceed with his probable cause hearing in regard to a Juv.R. 30 mandatory bindover. Appellant instead stipulated to probable cause for all six offenses, including the use of a firearm in the offenses.
Appellant's case was bound over to the Lorain County Court of Common Pleas, where he was indicted on two counts of aggravated robbery with a gun specification, felonious assault with a gun specification, tampering with evidence, grand theft of a motor vehicle, and kidnapping. On July 12, 1999, appellant pled guilty to all six felonies as charged, and the court sentenced him to six years imprisonment.
On October 4, 2000, appellant brought a motion for leave to file a delayed appeal with the court of appeals; the motion was granted. In his appeal, appellant has set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "The trial court lacked jurisdiction to adjudicate Mr. Fender because he was improperly bound over from juvenile court."
In his sole assignment of error, appellant asserts that the Lorain County Court of Common Pleas lacked jurisdiction to adjudicate appellant because he was improperly bound over from juvenile court in Lorain County. This Court disagrees.
In order to determine whether the trial court had proper jurisdiction to adjudicate appellant, this Court must first look at Ohio's Rules of Juvenile Procedure since the juvenile court originally had jurisdiction over appellant because he was only sixteen at the time of his offenses.
Juv.R. 30 addresses the juvenile court's "relinquishment of jurisdiction for purposes of criminal prosecution" and it includes circumstances in which mandatory transfer is required from juvenile court to adult court.
"In any proceeding in which transfer of a case for criminal prosecution is required by statute upon a finding of probable cause, the order of transfer shall be entered upon a finding of probable cause." Juv.R. 30(B). If a statute exists that requires a juvenile case to be transferred for criminal prosecution and the juvenile court finds probable cause that the juvenile committed the acts alleged in the complaint, transfer of the case is mandatory. Id.
In appellant's case, mandatory transfer clearly applied. First, R.C.2151.26 required the transfer of appellant's case for criminal prosecution. The applicable section of the statute reads:
 "(B) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:
"* * *
 "(4) The act charged is a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:
"* * *
 "(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged. (Emphasis added) R.C. 2151.26(B)(4)(b).[1]"
In his brief, appellant cites to State v. Hanning (2000),89 Ohio St.3d 86, to argue that he was improperly bound over to Lorain County Court of Common Pleas. In Hanning, the court dealt with a juvenile who had been bound over to adult court on a complicity charge; the juvenile himself was not alleged to have had a firearm at the time of the act charged. The Supreme Court of Ohio held that the complicity statute could not be applied to juvenile bindover and Hanning's case was remanded back to juvenile court. Id. at paragraph one of the syllabus. Hanning
does not impact the case at hand because the complaint against appellant very clearly alleged, multiple times, that appellant had a firearm on his person at the time of the acts charged.
Appellant also cites to Johnson v. Timmerman-Cooper (2001),93 Ohio St.3d 614, a case involving facts very similar to those inHanning. Johnson was bound over from juvenile court to adult court for her involvement in a robbery that left a store clerk dead, although the evidence was uncontroverted that Johnson did not have any firearm on her person. The Supreme Court of Ohio later determined that her conviction and prison sentence were void because the trial court lacked subject matter jurisdiction to adjudicate her. Id. at 617. Johnson also does not impact the case at hand because the Lorain County Juvenile Court properly transferred jurisdiction, making the Lorain County Court of Common Pleas' jurisdiction proper to adjudicate appellant.
Appellant's case clearly falls under R.C. 2151.26(B)(4)(b)'s requirements for transfer to adult court. Appellant was charged with four category two offenses, he was sixteen years old at the time he committed the acts charged, and the complaint specifically alleged that appellant had a firearm on his person and displayed such during the acts charged.
Second, the juvenile court found probable cause that appellant committed the acts alleged in the complaint. The complaint alleged two counts of aggravated robbery, two counts of kidnapping, and two counts of theft against appellant. Furthermore, the complaint alleged a gun specification on five of the six charges against appellant.
On February 17, 1999, appellant appeared before the juvenile court for his probable cause hearing on these charges, and the appellant waived his right to the hearing. The judge carefully questioned appellant to make sure that appellant was knowingly and voluntarily waiving his probable cause hearing. The judge not only allowed appellant to confer with his attorney during the hearing, he also clearly explained that appellant's waiver meant that appellant was stipulating probable cause existed for the charges alleged and, as a result, mandated a transfer of appellant's case to adult court.
Appellant did not dispute at any time in the above proceeding that the gun charges were incorrect or that appellant did not personally have a gun during the offenses. Appellant instead stipulated to probable cause for all six offenses, including the use of a firearm in the offenses and having a firearm on or about his person.
In conclusion, since R.C. 2151.26(B)(4)(b) requires a juvenile case like appellant's to be transferred for criminal prosecution and the Lorain County Juvenile Court found probable cause that appellant committed the acts alleged in the complaint against him, mandatory transfer of appellant's case was correct. Therefore, the trial court did not lack jurisdiction to adjudicate appellant because he was properly bound over from juvenile court.
 III.
Appellant's sole assignment of error is overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] R.C. 2151.26 was amended and renumbered R.C. 2152.12, effective January 1, 2002. This Court refers to the statute as it was numbered at the time appellant was charged.