OPINION
{¶ 1} Appellant, Quante J. Pruitt, appeals from a judgment of the Trumbull County Court of Common Pleas, General Division, sentencing him to serve an eight-year prison term after appellant pled guilty to aggravated robbery and felonious assault with firearm specifications. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In 1997, a complaint was filed in juvenile court alleging that the sixteen year old appellant was a delinquent child for committing felonious assault and aggravated robbery. Specifically, the complaint alleged that the felonious assault was committed with a firearm. However, there was no mention of a firearm as to the aggravated robbery offense.
 {¶ 3} On December 9, 1997, this matter came before the juvenile court on a preliminary bindover hearing. Appellant appeared with counsel, waived his right to a preliminary bindover hearing, and requested that the matter be transferred to the general division of the Trumbull County Court of Common Pleas:
 {¶ 4} "Ms. Costanzo [appellant's counsel]: *** At this point we will waive the preliminary hearing. We have received documents that we would not have gotten had we gone forward on the preliminary hearing. And we ask the case be bound over to the Trumbull County Court of General Division today."
 {¶ 5} In response to this request, the juvenile court questioned appellant as to whether he, indeed, wished to waive his right to a preliminary bindover hearing:
 {¶ 6} "The Court: The bind over [sic] proceedings are covered by Juvenile Rule 30 and Revised Code 2151.26. In that, Mr. Pruitt, it states that you have a right to a preliminary hearing on the facts and merits of the case to see if there is probable cause to believe that you committed these acts charged.
 {¶ 7} "Do you understand that, sir?
 {¶ 8} "Mr. Pruitt: No, sir.
 {¶ 9} "The Court: Do you want [to] take a minute and discuss that with your lawyer?
"Mr. Pruitt: Yes, sir.
 {¶ 10} "(WHEREUPON, an off-record discussion was held.)
 {¶ 11} "The Court: Do you understand your right to a hearing on the facts today?
 {¶ 12} "Mr. Pruitt: Yes, sir?
 {¶ 13} "The Court: And if I understand it right, through discussions with your counsel, you think the proper thing to do is to waive that right and to be bound over to the Trumbull County Grand Jury?
 {¶ 14} "Mr. Pruitt: Yes, sir.
 {¶ 15} "***
 {¶ 16} "The Court: How old are you, Mr. Pruitt, and what is your date of birth?
 {¶ 17} "Mr. Pruitt: 16, March 29, 1981.
 {¶ 18} "The Court: Well, based on the record and what we have heard here today, we find that you were 16 years old when the acts allegedly were committed, that the charges would be felonies if committed by an adult, that you have knowingly and with counsel waived your right to a preliminary hearing. We are going to bind the matter over to the Trumbull County General Division for further proceedings."
 {¶ 19} "Mr. Pruitt: Yes, sir."
 {¶ 20} Upon rendering its bindover judgment on December 11, 1997, the juvenile court transferred this case to the Trumbull County Court of Common Pleas, General Division, for appellant to be criminally prosecuted as an adult.
 {¶ 21} As a result, on February 5, 1998, appellant was indicted on one count of aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1) (C); and one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2) (B). Both charges were accompanied with a firearm specification, in violation of R.C. 2941.145.
 {¶ 22} Eventually, appellant withdrew his former plea of not guilty, and entered a plea of guilty to an amended indictment, to wit: one count of aggravated robbery, a felony of the first degree with a firearm specification, in violation of R.C. 2911.01(A)(1) (C), and R.C. 2941.141; and one count of felonious assault with a firearm specification, a felony of the second degree, in violation of R.C.2903.11(A)(2) (B) and R.C. 2941.141. The trial court formally accepted appellant's guilty plea in a judgment entry dated April 17, 1998.
 {¶ 23} After waiving his right to a presentence investigation, appellant was sentenced to seven years in prison on each count to run concurrently. Appellant was also ordered to serve an additional one-year mandatory prison term for the firearm specification to be served prior and consecutive to the principal sentence imposed. For sentencing purposes, the firearm specifications to each count were merged. Thus, the trial court imposed an eight-year prison term on appellant, which is reflected in the trial court's April 20, 1998 sentencing entry.
 {¶ 24} On October 30, 2001, approximately three and one-half years after appellant was sentenced, he filed an App.R. 5 motion for a delayed appeal. Upon consideration, this court granted appellant's motion for leave to file a delayed appeal on March 7, 2002. Appellant now presents two assignments of error for our review:
 {¶ 25} "[1.] Appellant Pruitt was deprived due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 16 of the Ohio Constitution when the trial court adjudicated him as an adult offender without proper jurisdiction to do so.
 {¶ 26} "[2.] Counsel provided ineffective assistance of counsel by waiving a preliminary bindover hearing in a case in which her client denied personally handling a firearm."
 {¶ 27} Before we may address the merits of appellant's assignments of error, we must resolve a preliminary matter.
 {¶ 28} In its answer brief, the state claims that appellant has failed to preserve the issue of irregularities within the bindover process for appellate review. Contrary to the state's position, appellant has not waived his right to challenge the jurisdiction of the court of common pleas, general division, for purposes of appellate review. "[E]ven when not raised by either party, the issue of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings, including for the first time on appeal." In re Graham (2002),147 Ohio App.3d 452, 2002-Ohio-2407, at ¶ 29 (addressing for the first time on appeal the juvenile court's subject matter jurisdiction). "The issue of a court's subject matter jurisdiction cannot be waived. A party's failure to challenge a court's subject matter jurisdiction cannot be used, in effect, to bestow jurisdiction on a court where there is none." State v. Wilson (1995), 73 Ohio St.3d 40, 46. Moreover, a claim of error in a bindover proceeding survives a guilty plea in adult court.Gaskins v. Shiplevy (1995), 74 Ohio St.3d 149.
 {¶ 29} Having said that, we return to the first assignment of error where appellant claims that the juvenile court was not permitted to order a mandatory bindover under R.C. 2151.26(B)(4) because: (1) appellant had not been previously adjudicated a category one or two delinquent and committed to the Department of Youth Services; and (2) appellant was not alleged to have had possession of a firearm at the time of the act charged. According to appellant, the general division of the trial court was put on notice that it did not have jurisdiction to adjudicate him as an adult when at the plea/sentencing hearing, appellant's counsel objected to the juvenile bindover procedure on constitutional grounds, and appellant denied that he possessed the firearm. Because the state did not specifically allege that appellant personally possessed a firearm and appellant denied having a firearm, appellant concludes that his plea and sentence are void for lack of jurisdiction. Appellant further suggests that even though he waived his right to a preliminary bindover hearing, the juvenile court still should have inquired whether appellant personally possessed the firearm in connection to the offenses.
 {¶ 30} In matters pertaining to children who are alleged to be delinquent, the juvenile court has exclusive jurisdiction. R.C.2151.23(A)(1); Wilson at 43. Under certain situations, the mandatory bindover provisions of R.C. 2151.26(B) remove discretion from the juvenile court and require the case to be transferred to the general division of the common pleas court for prosecution as an adult.[1] One such mandatory bindover situation is where the juvenile is alleged to have used a firearm in the commission of an aggravated robbery. State v.Hanning (2000), 89 Ohio St.3d 86, 90. Here, that allegation was made at the preliminary bindover hearing.
 {¶ 31} Pertinent to this case is R.C. 2151.26(B)(4), which states:
 {¶ 32} "After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:
 {¶ 33} "***
 {¶ 34} "(4) The act charged is a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:
 {¶ 35} "***
 {¶ 36} "(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged."
 {¶ 37} In Hanning, the Supreme Court of Ohio held that "[t]he mandatory bindover provision of R.C. 2151.26(B)(4)(b) does not apply unless the child, himself or herself, had a firearm on or about the child's person or under the child's control while committing the act charged and the child displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." Id. at paragraph one of the syllabus. See, also, Johnson v. Timmerman-Cooper (2001), 93 Ohio St.3d 614,615.
 {¶ 38} The common link in both Johnson and Hanning was that the juveniles were erroneously bound over to adult court under the mandatory provision of R.C. 2151.26(B)(4)(b) even though the evidence presented at the bindover hearing showed that the juveniles did not personally have a firearm. Specifically, in Hanning, the juvenile was charged with delinquency for his alleged commission of aggravated robbery. It was also alleged that he committed the offense while armed with a deadly weapon or a dangerous ordinance and a firearm as defined under R.C. 2923.11. At the probable cause hearing to determine bindover, the state admitted that the co-defendant actually possessed the firearm. Nevertheless, the state argued that the juvenile's actions in aiding and abetting were sufficient to invoke the mandatory bindover provision of R.C. 2125.26(B)(4)(b). Thus, while the juvenile was charged, it was of record and in fact admitted by the state that he did not personally have a firearm in the commission of the robbery. Hanning at 87-88.
 {¶ 39} Likewise, in Johnson, the juvenile was charged with delinquency vis-a-vis involuntary manslaughter and aggravated robbery, accompanied with a firearm specification. Again, at the bindover hearing, the evidence was uncontroverted that the juvenile, herself, did not have a firearm. Johnson at 614, 616-617.
 {¶ 40} Accordingly, Johnson and Hanning are distinguishable from the instant matter because here, the juvenile complaint alleged that appellant was sixteen years old when he committed aggravated robbery, to wit: R.C. 2911.01. Under R.C. 2151.26(A)(2)(a), a violation of R.C. 2911.01
is a "category two" offense. While the juvenile complaint failed to provide a firearm specification as to the aggravated robbery charge, it was alleged by the state at the December 9, 1997 preliminary bindover hearing in juvenile court that the aggravated robbery was "committed with a firearm. *** This Defendant has a propensity to use firearms and has demonstrated that."
 {¶ 41} As a caveat, we note that at the plea/sentencing hearing in the general division, the state alleged that appellant and a companion, Antonio Smith, "pulled an armed robbery." However, the state's recitation of the facts of the crime did not indicate which individual possessed the firearm. Rather, the state indicated that when appellant made a statement to the police, "[he] claimed that his [companion], Antonio Smith, was the person with the gun." We note that such a statement is not an admission by the state and is not uncontroverted evidence that appellant did not have a firearm during the commission of the offense. Rather, it was just a brief recitation by the prosecutor as to the state of the record.
{¶ 42 What makes this particular case unique is that appellant waived his right to a preliminary bindover hearing. As to this point, appellant argues that waiver of the preliminary bindover hearing in juvenile court and a subsequent guilty plea to the amended charges does not save the general division's jurisdiction.
 {¶ 43} We agree that Wilson supports the argument that "[t]he exclusive subject matter jurisdiction of the juvenile court cannot be waived." Id. at paragraph two of the syllabus. "Absent a proper bindover procedure pursuant to R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." Wilson at paragraph one of the syllabus.See, also, Johnson at 617.
 {¶ 44} However, in Stallings v. Mitchell (Oct. 10, 1997), 11th Dist. No. 97-T-0010, 1997 WL 665978, at 3, this court distinguished the holding announced by the Wilson Court:
 {¶ 45} "*** [W]e are cognizant of the general principle that thesubject matter jurisdiction of a court cannot be waived by a party.Nevertheless, we hold that there is a distinction between a generalwaiver of jurisdiction itself and the waiver of a statutory procedure fordetermining whether jurisdiction should be transferred. By waiving thestatutory requirements, a juvenile merely admits the facts upon which thedetermination to transfer is predicated.
 {¶ 46} "In [Stallings], the juvenile court expressly found in the bindover judgment that petitioner had knowingly, intelligently, and voluntarily waived the requirements of the bindover procedure. Because such a waiver is permissible, the bindover judgment is sufficient, in and of itself, to establish that the transfer of jurisdiction from the juvenile court to the general division was done properly." (Emphasis added.)
 {¶ 47} In the instant matter, the preliminary bindover hearing was held on December 9, 1997 as mandated by R.C. 2151.26 and Juv.R. 30. Appellant appeared with counsel before the juvenile court and subsequently waived his right to a preliminary bindover hearing. The juvenile court amply questioned appellant to make sure that he knowingly waived his right to a preliminary bindover hearing. Upon consideration, the juvenile court expressly found on the record that appellant "[had] knowingly and with counsel waived [his] right to a preliminary hearing."
 {¶ 48} The bindover proceeding is not adjudicative in that the juvenile's guilt or innocence is not at issue. State v. Whisenant
(1998), 127 Ohio App.3d 75, 85. However, one of its primary functions is to ascertain the existence of probable cause. Id. By waiving the statutory requirement of a preliminary bindover hearing, appellant was not waiving the subject matter jurisdiction of the juvenile court. Instead, appellant waived the determination of probable cause, a predicate for the decision to transfer. See Stallings at 3. See, also,State v. Fender, 9th Dist. No. 01CA007934, 2002-Ohio-3189; State ex rel.Jones v. Juvenile Court of Mahoning Cty. (Oct. 10, 1997), 7th Dist. No. 97 C.A. 133, 1997 WL 728493, at 1-2; State v. Hannah (Dec. 20, 1985), 6th Dist. No. L-85-189, 1985 WL 4665, at 1-2.
 {¶ 49} Thus, appellant's waiver of the preliminary bindover hearing was essentially a stipulation that there was probable cause to believe the following: that appellant committed aggravated robbery, a category two offense; that he had used a firearm in the offense; and, that he had a firearm on or about his person. Appellant's waiver of the preliminary bindover hearing was not an attempt to waive subject matter jurisdiction. Rather, it was a waiver as to any challenge to the state's evidence on the existence of probable cause for the charges alleged. Once any challenge to the allegation of probable cause was waived, no further inquiry by the court as to the facts alleged was necessary.
 {¶ 50} Given our holding in Stallings, appellant's waiver of the preliminary bindover hearing was permissible. Under these circumstances, the bindover judgment was sufficient to establish that the transfer of jurisdiction from the juvenile court to the general division was done properly. For these reasons, appellant's first assignment of error is meritless.
 {¶ 51} In the second assignment of error, appellant submits that his defense counsel was ineffective for waiving the preliminary bindover hearing in juvenile court. According to appellant, his defense counsel had a duty to ensure that appellant personally possessed a firearm in the commission of the offense charged before he was transferred into the adult system.
 {¶ 52} Both the Supreme Court of Ohio and this court have adopted the two-pronged test articulated in Strickland v. Washington (1984),466 U.S. 668, to determine whether an accused has received ineffective assistance of counsel:
 {¶ 53} "First, a defendant must be able to show that his trial counsel was deficient in some aspect of his representation. *** This requires a showing that trial counsel made errors so serious that, in effect, the attorney was not functioning as the `counsel' guaranteed by both the United States and Ohio Constitutions. ***
 {¶ 54} "Second, a defendant must show that the deficient performance prejudiced his defense. *** This requires a showing that there is `a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.' *** `A reasonable probability is a probability sufficient to undermine confidence in the outcome.' ***" (Citations omitted). State v. Swick (Dec. 21, 2001), 11th Dist. No. 97-L-254, 2001 WL 1647220, at 2. See, also, State v. Bradley
(1989) 42 Ohio St.3d 136.
 {¶ 55} On the issue of counsel's ineffectiveness, the defendant bears the burden of proof since in Ohio, every properly licensed attorney is presumed to be competent. State v. Smith (1985), 17 Ohio St.3d 98,100; Ashtabula v. Smith (May 18, 2001), 11th Dist. No. 2000-A-0029, 2001 WL 530466, at 3. To overcome this presumption, the defendant must demonstrate that "the actions of his attorney did not fall within a range of reasonable assistance." State v. Henderson (Sept. 29, 2000), 11th Dist. No. 99-T-0001, 2000 WL 1459858, at 8. See, also, Swick at 2;Smith, 2001 WL 530466, at 3.
 {¶ 56} As noted earlier in this opinion, Johnson and Hanning
involved situations where the juvenile was improperly bound over to the general division under R.C. 2151.26(B)(4)(b) as it was uncontroverted at the bindover hearing that the juvenile did not personally have a firearm at the time of the acts charged. It follows that when a preliminary hearing is conducted to determine mandatory bindover under R.C.2151.26(B)(4)(b), it must be shown that there is probable cause to believe that the juvenile personally had and used a gun in the commission of certain offenses. Johnson at 615; Hanning at 90; R.C. 2151.26(B)(4)(b).
 {¶ 57} Contrary to appellant's suggestion, the issue of gun possession under R.C. 2151.26(B)(4)(b) does not have to be proven at the preliminary bindover hearing. Rather, if challenged, it must be shown that there is probable cause to believe that the juvenile "had a firearm on or about the child's person or under the child's control while committing the act charged and the child displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." Hanning at paragraph one of the syllabus. See, also, Johnson at 615.
 {¶ 58} Having said that, we note that this does not foreclose the juvenile and his or her counsel from waiving the requirement that probable cause has to be shown beyond the allegations made in the complaint or at the preliminary bindover hearing. Despite the fact that appellant waived the preliminary bindover hearing, the state went on to allege that the aggravated robbery was "committed with a firearm. *** This Defendant has a propensity to use firearms and has demonstrated that." This statement was not challenged or disputed by appellant during the proceedings below.
 {¶ 59} Furthermore, while the state claimed at the plea/sentencing hearing in the general division that appellant made a statement to the police that his companion had the gun, this statement does not rise to the level of the type of prosecutorial admission that was presented inJohnson and Hanning. In fact, at the hearing scheduled for the preliminary bindover, appellant never denied possessing or using a firearm during the commission of the offense.
 {¶ 60} Even if defense counsel had not waived the preliminary bindover hearing and the state was required to produce evidence of probable cause, there is no indication that the state's evidence would fall short concerning appellant's alleged role in the crime. In other words, appellant has not demonstrated that he was necessarily prejudiced by any failure on the part of his defense counsel.
 {¶ 61} Again, we point to Johnson and Hanning where the state essentially admitted at the preliminary bindover hearing that the respective juveniles did not possess the guns themselves. In contrast, during the proceedings below, appellant never challenged the state's allegations and charges; thus, the state was never put to its proof.
 {¶ 62} We simply disagree with appellant's interpretation ofJohnson and Hanning. Those cases do not require that bindover hearings be non-waivable or that any firearm allegation must be proven to personally apply at the bindover hearing. For these reasons, appellant's second assignment of error is not well-taken.
 {¶ 63} Based on the foregoing analysis, appellant's two assignments of error are without merit, and the judgment of the trial court is affirmed.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.
[1] Effective January 1, 2002, R.C. 2151.26 was amended and recodified as R.C. 2152.12. Accordingly, this court refers to R.C. 2151.26 as this version of the statute was in effect at the time appellant was charged.