OPINION
{¶ 1} This matter came before the Court for consideration of Relator, Ashunte Smith's, Petition for Writ of Habeas Corpus against Respondent, Margaret Bradshaw, Warden of the Mansfield Correctional Institution. In the Petition, Relator claims that his conviction is void for lack of jurisdiction because the Juvenile Court failed to properly transfer his criminal delinquency charges to the General Division of the Court of Common Pleas. Respondent has filed a Motion to Dismiss, pursuant to the doctrine of res judicata and for failure to state a claim upon which relief may be granted.
 {¶ 2} The procedural history of this case is as follows: On April 24, 1995, a delinquency complaint for the felony offense of kidnapping was filed against the Relator in the Juvenile Division of the Cuyahoga County Court of Common Pleas. The State moved to transfer jurisdiction of the Relator to the General Division of the Court of Common Pleas, pursuant to the juvenile bindover statute as it existed in 1995.
 {¶ 3} On June 8, 1995, the Juvenile Court held a preliminary hearing and received evidence of probable cause relating to Relator's kidnapping charge. Thereafter, the probable cause hearing was continued for further evidence on the additional charges of aggravated murder. All three offenses arose out of a single event and involved the same victim.
 {¶ 4} On June 20, 1995, the Relator appeared for further testimony regarding the aggravated murder charge. Prior to the presentation of evidence, the Relator, by and through counsel, waived further testimony and stipulated to probable cause. The Juvenile Court then found probable cause to believe that the Relator had committed the felony offenses of kidnapping and aggravated murder. The Juvenile Court based the probable cause finding on the evidence presented and the stipulation of counsel. The matter then proceeded to the amenability phase.
 {¶ 5} On July 11, 1995, and July 12, 1995, the Juvenile Court conducted the amenability phase of the juvenile bindover proceeding. During the amenability hearing, the court received evidence regarding Relator's psychological and physical evaluations. The evidence included a stipulation to the psychological evaluation and testimony of the investigative probation officer that the Relator was in fair physical condition without any physical limitations.
 {¶ 6} On August 4, 1995, by judgment entry, the Juvenile Court found that the juvenile was not amenable to rehabilitation and transferred jurisdiction of the juvenile and the criminal offenses to the General Division of the Court of Common Pleas.
 {¶ 7} On August 29, 1995, the Cuyahoga County Grand Jury returned a three-count indictment against Relator, which included one count of Kidnapping, two counts of Aggravated Murder and firearm specifications as to each count. On May 22, 1996, after a trial by jury, Relator was found guilty as charged and ordered to serve an aggregate term of three years incarceration for the firearm specifications, plus a life sentence. After his conviction and sentence, the Relator filed a timely appeal as a matter of right.
 {¶ 8} On direct appeal, the Relator argued in his Sixteenth Assignment of Error that the juvenile bindover procedure failed to properly relinquish jurisdiction. The Court of Appeals reviewed the evidence presented at the probable cause and amenability phases. Upon review, the Court of Appeals found that the Juvenile Court's order binding Appellant over to be tried as an adult was valid. State v. Smith, (August 21, 1997), Cuyahoga App. Case No. 70855, unreported.
 {¶ 9} In his Petition for Writ of Habeas Corpus, Relator argues that prior to relinquishing jurisdiction, the Juvenile Court failed to comply with the bindover procedures set forth in R.C. 2151.26, and improperly accepted trial counsel's stipulation to probable cause. Specifically, Relator argues that the trial court failed to conduct a physical examination and failed to personally address the juvenile Relator to establish that his stipulation to probable cause was knowingly, intelligently, and voluntarily executed.
 {¶ 10} In opposition, Respondent argues that Relator's request for relief is barred, pursuant to the doctrine of res judicata. Respondent further argues that competent counsel in a juvenile proceeding may stipulate to probable cause on behalf of a juvenile client. Finally, Respondent argues that in this case, the felony kidnapping charge which was bound over, pursuant to the evidence presented, properly invoked the jurisdiction of the General Division of the Common Pleas Court. We agree.
 {¶ 11} "A writ of habeas corpus is warranted in certain extraordinary circumstances `where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" Johnsonv. Timmeman-Cooper (2001), 93 Ohio St.3d 614, 616,757 N.E.2d 1153, quoting, Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99, 666 N.E.2d 1091. Habeas corpus, like other extraordinary writ actions, is not available where there is an adequate remedy at law. Agee v. Russell (2001),92 Ohio St.3d 540, 544, 751 N.E.2d 1043, quoting, Gaskins v. Shiplevy
(1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194; State ex. rel. Jacksonv. McFaul (1995), 73 Ohio St.3d 185, 652 N.E.2d 746. Habeas corpus is not a substitute for an appeal or post-conviction relief. In re: Piazza
(1966), 7 Ohio St.2d 102, 103, 218 N.E.2d 459; Bellman v. Jago (1988),38 Ohio St.3d 55, 56, 526 N.E.2d 308.
 {¶ 12} As a general proposition, a viable claim in habeas corpus can be predicated upon the allegation that a Juvenile Court failed to follow the procedure in R.C. 2151.26 and Juv.R. 30. In applying R.C. 2151.26 in the context of a habeas corpus action, the Supreme Court of Ohio has held that such a writ will not lie when the bindover judgment shows that the Juvenile Court followed the correct procedure. Gaskins v. Shipley
(1996), 76 Ohio St.3d 380, 667 N.E.2d 1194.
 {¶ 13} The doctrine of res judicata prevents parties from relitigating claims and issues when there is mutuality of the parties and when a final decision has been rendered on the merits. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 653 N.E.2d 226, 1995-Ohio-331. Res judicata also applies to bar relitigation of the issue of subject matter jurisdiction.Citicaster Co. v. Stop 26-Riverbend, Inc., 147 Ohio App.3d 531,2002-Ohio-2286, 771 N.E.2d 317. "Once a jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue, such determination is res judicata in a collateral action and can only be attacked directly by appeal." Citicaster Co. v. Stop26-Riverbend, Inc., supra. See also, Claxton v. Simons (1963),174 Ohio St. 333, 189 N.E.2d 62; Squires v. Squires (1983),12 Ohio App.3d 138, 468 N.E.2d 73.
 {¶ 14} A juvenile bindover proceeding is not adjudicative in that the juvenile's guilt or innocence is not at issue. State v. Whisenant
(1998), 127 Ohio App.3d 75, 711 N.E.2d 1016. The requirement of a probable cause showing is a statutorily mandated procedure. Counsel's waiver of the presentation of further evidence is, therefore, not a waiver of subject matter jurisdiction, but rather is a waiver of the statutory requirement for the presentation of evidence to support a probable cause finding. This statutory requirement is properly waived by either the juvenile and or his counsel.
 {¶ 15} Furthermore, once a juvenile has been bound over, "[t]he longstanding rule in Ohio is that upon transfer from juvenile court, the grand jury is authorized to return a proper indictment on the facts submitted to it, and is not confined to the charges originally filed in the juvenile court." State v. Walker (Sept. 28, 1999), Delaware App. No. 99 CA 2, unreported; State v. White, 7th Dist. No. 01-JE-3, 2002-Ohio-5226.
 {¶ 16} In this case, on appeal, the court determined that the bindover procedure was proper and that the Common Pleas Court properly accepted jurisdiction over the criminal matter. Additionally, Relator, by and through counsel, properly waived the further presentation of evidence regarding the aggravated murder charge by stipulation. According to the trial court's judgment entry, at the time of the stipulation, probable cause of the juvenile's involvement in the crime of kidnapping had already been presented and established. Even if defense counsel had not stipulated to probable cause, the trial court could have bound the juvenile over for the charge of kidnapping and the grand jury could have indicted the Relator for the related crimes of aggravated murder. Furthermore, based upon the subsequent jury conviction, there is nothing to suggest that the State's evidence would fall short concerning Relator's charge of aggravated murder. In other words, Relator has failed to show how he has been prejudiced, since his guilt was later proven beyond a reasonable doubt at trial.
 {¶ 17} For these reasons, the Court finds that the matter is precluded for review, pursuant to the doctrine of res judicata. Furthermore, the bindover judgment shows that the Juvenile Court followed the correct procedure and, therefore, the General Division of the Court of Common Pleas properly exercised subject matter jurisdiction. Accordingly, Relator has failed to demonstrate entitlement to a Writ of Habeas Corpus. Respondent's Motion to Dismiss is hereby granted. Relator's Petition for Writ of Habeas Corpus is hereby dismissed.
Gwin, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY {¶ 18} For the reasons stated in the Memorandum-Opinion on file, the Respondent's Motion to Dismiss is hereby granted and Relator's Petition for Writ of Habeas Corpus is hereby dismissed. Costs taxed to Relator.