OPINION *Page 2 
{¶ 1} Petitioner, Michael Stearns, is currently an inmate in the Richland County Jail having been arrested on a warrant dated July 24, 2008 signed by Judge Ron Spon. The arrest warrant is located at the bottom of a Probation Violation Complaint signed by William J. Jacquin, Complainant and Director of Probation Services. Petitioner was a juvenile when the underlying case began, however, he turned eighteen years of age on February 10, 2008. Petitioner avers he was under the belief his community control obligation had been satisfied and paperwork was being processed to terminate his community control supervision. The probation violation complaint alleges Petitioner broke a no contact order on or about June 1, 2008.
 {¶ 2} "A writ of habeas corpus is warranted in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law."Johnson v. Timmeman-Cooper (2001), 93 Ohio St.3d 614, 616,757 N.E.2d 1153, quoting, Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99,666 N.E.2d 1091.
 {¶ 3} R.C. 2725.05 provides,
 {¶ 4} Writ not allowed
 {¶ 5} If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order. *Page 3 
 {¶ 6} Petitioner argues Judge Spon lacked jurisdiction to sign the arrest warrant because he had recused himself from Petitioner's cases. Petitioner argues the signature of a recused judge is void citing Stern v. Mascio, 81 Ohio St.3d 297.
 {¶ 7} We do not need to address Petitioner's contention because we find he is lawfully detained even if Judge Spon's signing of the warrant was void.[1]
 {¶ 8} R.C. 2951.08 permits a probation officer to arrest a person under his authority without a warrant, therefore, the warrant in this case is superfluous. Even had the warrant not been issued, Petitioner would still be lawfully detained. Because Petitioner is under lawful detention, he is not entitled to the extraordinary issuance of a writ of habeas corpus.
 {¶ 9} WRIT DENIED.
 {¶ 10} COSTS TO PETITIONER.
 {¶ 11} IT IS SO ORDERED.
 Wise, J., Gwin, P. J., and Farmer, J., concur. *Page 4 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Petition for Writ of Habeas Corpus is DENIED. IT IS SO ORDERED. Costs taxed to Petitioner.
[1] Had we been required to address Petitioner's argument that Judge Spon's signature on the warrant following his recusal is void, we would find his signature to be a ministerial function. Therefore, he would have jurisdiction to issue the warrant despite his recusal. *Page 1