OPINION *Page 2 
{¶ 1} Petitioner, Charles McCuller, has filed a Petition for Writ of Habeas Corpus. This Court initially set this matter for hearing, however, the hearing was continued to allow Petitioner time to respond to the Motion to Dismiss filed by Respondent. Petitioner has not filed a response to Respondent's Motion to Dismiss.
 {¶ 2} Petitioner is currently incarcerated pursuant to his conviction and sentence from the Cuyahoga County Court of Common Pleas for one count of Robbery, in violation of R.C. 2911.02, and one count of Drug Possession, in violation of R.C. 2925.11. The trial court sentenced Petitioner to a term of six years in prison on the robbery count, concurrent with twelve months on the drug possession charge.
 {¶ 3} "A writ of habeas corpus is warranted in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law."Johnson v. Timmeman-Cooper (2001), 93 Ohio St.3d 614, 616,757 N.E.2d 1153, quoting, Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99,666 N.E.2d 1091.
 {¶ 4} Petitioner suggests he is entitled to immediate release based upon the Supreme Court's holding in State v. Colon (2008),118 Ohio St.3d 26, wherein the Court held, "[W]hen an indictment fails to charge a mens rea element of a crime, the error is structural and, thus, the defendant's failure to raise that defect in the trial court does not waive appellate review." Petitioner has attached a copy of his indictment to his Petition. The indictment presented by Petitioner does not appear to contain a mens rea element.
 {¶ 5} In response, Respondent's motion to dismiss urges this Court to deny and dismiss the petition because the Supreme Court, upon reconsideration of Colon I, has *Page 3 
limited the holding of Colon I stating, "[T]he rule announced inColon I is prospective in nature and applied only to those cases pending on the date Colon I was announced." State v. Colon (2008),2008 Ohio 3749 at **3. Colon I was announced on April 9, 2008. Petitioner did not have a pending case at the time Colon I was announced, therefore,Colon I does not apply to Petitioner. Because the Petition rests solely on the applicability of Colon I to Petitioner, we must deny the Petition and grant Respondent's Motion to Dismiss based upon the Supreme Court's clarification contained in Colon II.
 {¶ 6} MOTION TO DISMISS GRANTED.
 {¶ 7} PETITION DENIED.
 Edwards, J., Hoffman, P.J., and Delaney, J. concur. *Page 4 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Petitioner's Writ of Habeas Corpus is hereby denied. Costs taxed to Petitioner. *Page 1