THE STATE EX REL. GILMORE, APPELLANT, *v.* MITCHELL, WARDEN, APPELLEE.

[Cite as *State ex rel. Gilmore v. Mitchell* (1999), 86 Ohio St.3d 302.]

(No. 99-766—Submitted July 28, 1999—Decided September 1, 1999.)

*Marlon C. Gilmore*, pro se.

*Betty D. Montgomery*, Attorney General, and *Michelle M. Schoeppe*, Assistant Attorney General, for appellee.

---

**Per Curiam.** Gilmore asserts that the court of appeals erred in dismissing his habeas corpus petition because his petition stated a viable habeas corpus claim. See, *e.g., Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 656 N.E.2d 1282; *State v. Golphin* (1998), 81 Ohio St.3d 543, 692 N.E.2d 608.

Gilmore's claim lacks merit because he did not attach *all* of the commitment papers pertinent to his claim challenging the juvenile court's bindover entry. See R.C. 2725.04(D); *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244; *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 272, 695 N.E.2d 254, 256. Specifically, Gilmore did not attach to his petition the juvenile court bindover entry he claimed was defective. That entry could have established compliance with the bindover procedure. See, *e.g., State ex rel. Childs v. Wingard* (1998), 83 Ohio St.3d 346, 348, 699 N.E.2d 1278, 1279.

In addition, Gilmore failed to attach the common pleas court's sentencing entries on his complicity to aggravated murder and firearm convictions. Instead, he simply attached the sentencing entry for his other complicity convictions.

Although the court of appeals did not base its judgment on Gilmore's failure to comply with R.C. 2725.04(D), we will not reverse a correct judgment merely because of an erroneous rationale. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 141, 684 N.E.2d 1227, 1227–1228.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.