This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Steve Phillips ("Phillips"), appeals from the judgment of the Cuyahoga Falls Municipal Court, which found in favor of Appellee, Donald Quist ("Quist"), and denied Phillips' motions for relief from judgment and a new trial. We affirm.
On April 6, 1998, Quist filed a complaint alleging that Phillips had damaged his property. The trial took place on March 31, 1999; however, Phillips did not appear. The trial was conducted in his absence. On April 8, 1999, the magistrate awarded damages to Quist in the amount of $2,704, which included $1,000 for attorneys' fees, $1,000 for exemplary damages and $704 for property damage. The trial court "approved and adopted" the decision, without separately stating its findings. Phillips then moved for relief from judgment, pursuant to Civ.R. 60(B)(1). Simultaneously, Phillips filed an appeal with this court from the magistrate's decision. Subsequently, the trial court denied Phillips' motion for relief from judgment.
On September 2, 1999, this court dismissed the appeal, since the order from which Phillips appealed was not final and appealable. Specifically, the trial court entry reflecting the action on the magistrate's decision was not a separate and distinct instrument from the magistrate's decision. Quist attempted to enforce the judgment in the trial court to no avail. On August 1, 2000, Quist appealed and this court ordered him to provide a completed docketing statement with a time-stamped copy of the final judgment of the trial court. On August 9, 2001, the trial court approved the magistrate's findings of April 8, 1999, and entered judgment in favor of Appellee in the amount of $2,704. Thereafter, when Quist failed to respond to this court's show cause order, the second appeal was dismissed. The following day, Phillips moved for a new trial on the basis of ineffective assistance of his previous trial counsel. The trial court denied the motion. Phillips timely appealed raising four assignments of error, some of which have been consolidated for ease of review.
 ASSIGNMENT OF ERROR I It was eror [sic.] for the trial court to dismiss [Phillips'] 60(B) motion for relieve [sic.] from judgement [sic.] [.]
In his first assignment of error, Phillips maintains that the trial court erred in denying his motion for relief from judgment, pursuant to Civ.R. 60(B). Phillips' contention is without merit.
Civ.R. 60(B) permits a trial court to grant relief only from final judgments, orders or proceedings. Civ.R. 60(B). In the instant case, the magistrate's decision of April 8, 1999, with the trial court's subsequent approval was not a final judgment. Significantly, on September 2, 1999, this court dismissed Phillips' appeal from that judgment, since it was not final and appealable. The judgment did not become final until August 9, 2001, when the trial court approved the magistrate's findings and entered judgment in favor of Appellee in the amount of $2,704. Therefore, the trial court did not err in failing to grant the motion for relief from judgment on June 3, 1999. Although the trial court denied the motion for different reasons than those stated above, "we will not reverse a correct judgment merely because of an erroneous rationale."State ex rel. Gilmore v. Mitchell (1999), 86 Ohio St.3d 302, 303. Phillips' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II It was error to dismiss [Phillips'] motion for a new trial on the merits.
In Phillips' second assignment of error, he avers that the trial court erred in denying his motion for a new trial.
This court notes that Phillips has failed to set forth a single, legal authority to support his contention that the trial court erred in this instance. Instead, he has used only one conclusory statement to support his assignment of error. Phillips has failed to provide citations to authorities, the applicable standard of review, and reasons to support his contention as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Phillips had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2; Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. Furthermore, it is not the duty of this court to search the record for evidence to support Phillips' argument of an alleged error. See State v. Watson (1998), 126 Ohio App.3d 316, 321;Frecska, supra, at 3.
Pursuant to App.R. 12(A)(2), this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * * as required under App.R. 16(A)." Accordingly, since Phillips has failed to set forth any legal error by the trial court in this assignment of error, this court has no choice but to disregard it. Phillips' second assignment of error is overruled.
 ASSIGNMENT OF ERROR III It was error to award attorney fees to [Quist] on his civil complaint for money.
 ASSIGNMENT OF ERROR IV It was error to award exemplary damages to [Quist] on [his] civil complaint for money.
In the Phillips' third and fourth assignments of error, he essentially argues that the trial court erred in awarding Quist attorneys' fees and exemplary damages. We disagree.
Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected" to the magistrate's finding or conclusion in accordance with Civ.R. 53. If a party fails to object to a magistrate's finding or conclusion, the party waives the right to challenge the finding or conclusion on appeal. Wright v. Mayon (July 2, 1997), Summit App. No. 18050, unreported, at 3.
The magistrate issued the decision in question on April 8, 1999. The record indicates that Phillips did not file any objections to the magistrate's decision. Accordingly, Phillips waived the right to challenge the conclusions on appeal. Phillips' third and fourth assignments of error are overruled.
Phillips' four assignments of error are overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE, J. CONCURS, CARR, J., CONCURS IN JUDGMENT ONLY.