{¶ 1} I respectfully dissent. In support of its decision to affirm for a different reason than that stated by the trial court, the majority cites In re: The Proposed Annexation of 222.71 Acres (Sept. 12, 2001), 9th Dist. No. 20563, quoting State ex rel. Gilmore v. Mitchell (1999),86 Ohio St.3d 302, 303, for the proposition that a court of appeals will not reverse a correct outcome merely because of an erroneous rationale. However, Gilmore does not address the applicable standard of review for R.C. 2506 administrative appeals, and is therefore not applicable to the present case.
 {¶ 2} The trial court below felt it had to affirm the Civil Service Commission because the City of Akron had a "zero tolerance" policy in effect. This was error. Both sides agree that the collective bargaining agreement at the time in question did not provide for "zero tolerance." By affirming for different reasons than the trial court, we are reviewing the evidence in front of the Civil Service Commission and performing our own independent weighing of the evidence. We are not permitted by our standard of review to do this. I would remand the case to the trial court to perform this task first.