OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Pro se appellant, Wayne Snitzky, appeals from a judgment entry of the Trumbull County Court of Common Pleas, granting the motion to dismiss of appellee, Julius Wilson, Warden of the Trumbull County Correctional Facility. For the reasons that follow, we reverse the judgment of the common pleas court and remand this matter for further proceedings.
 {¶ 2} Appellant is incarcerated at the Trumbull County Correctional Facility. Appellant's incarceration was predicated upon his criminal conviction in the Cuyahoga County Court of Common Pleas for a single count of murder, pursuant to R.C. 2903.02. As a result of his conviction, on September 29, 1995, appellant was sentenced to a prison term of fifteen years to life.
 {¶ 3} On July 15, 2002, appellant, acting pro se, filed a writ of habeas corpus in the Trumbull County Court of Common Pleas. Appellant's writ of habeas corpus asserted that the Cuyahoga County Juvenile Court failed to conduct a physical examination prior to his amenability hearing, as required by R.C. 2151.26 and former Juv.R. 30. Accordingly, appellant concluded that his bindover to the Cuyahoga County Court of Common Pleas was improper and, therefore, the Cuyahoga Common Pleas Court lacked jurisdiction to enter judgment and sentence.
 {¶ 4} On September 27, 2002, appellee countered by filing a Civ.R. 12(B)(6) motion to dismiss. Appellee's motion to dismiss maintained that the record established appellant had, in fact, received a physical examination prior to the amenability hearing. In addition, appellee asserted that appellant's writ of habeas corpus did not comply with R.C.2969.25(A) because it failed to include an affidavit containing a description of any civil action, or appeal of a civil action, filed by appellant in the previous five years.
 {¶ 5} On October 21, 2002, appellant filed a response to the motion to dismiss. As part of his response, appellant requested leave of court to supplement his writ of habeas corpus to comply with R.C. 2969.25(A). Attached to the response was a verified affidavit and a list describing all civil actions commenced by appellant within the five years prior to the filing of his writ of habeas corpus.
 {¶ 6} On June 11, 2003, the common pleas court issued a judgment entry granting appellee's motion to dismiss solely "on the basis of Appellant's failure to comply with O.R.C. Section 2969.25(A)." From this judgment, appellant filed a timely notice of appeal and now sets forth the following two assignments of error for our consideration:
 {¶ 7} "[1.] The trial court erred and abused its discretion to the prejudice of the Relator/Appellant in violation of due process of the law by denying Appellant's Writ of Habeas Corpus for failing to comply with R.C. 2969.25 when in fact it was complied with.
 {¶ 8} "[2.] The trial court erred and abused its discretion to the prejudice of the Relator/Appellant in violation of Article I § 8 of the Ohio Constitution by denying Appelant's [sic] writ without a review on its merits even though a prima facia case for release was made."
 {¶ 9} First, we will set forth the appropriate standard of review. Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Our review of a trial court's judgment dismissing a claim pursuant to Civ.R. 12(B)(6) is de novo. West v. Sheets, 11th Dist. No. 2001-L-183, 2002-Ohio-7143, at ¶ 9; Camastro v. Motel 6 Operating, L.P. (Apr. 27, 2001), 11th Dist. No. 2000-T-0053, 2001 Ohio App. LEXIS 1936, at 12-13.
 {¶ 10} As such, to grant a dismissal of a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Celeste v. Wiseco Piston,151 Ohio App.3d 554, 2003-Ohio-703, at ¶ 12. In construing a complaint upon a motion to dismiss for failure to state a claim, all factual allegations stated in the complaint must be presumed to be true and all reasonable inferences in favor of the nonmoving party be made. Id.
 {¶ 11} Under his first assignment of error, appellant argues that the trial court abused its discretion by failing to grant leave of court to allow him to supplement his writ of habeas corpus with the affidavit attached to his response. Thus, appellant concludes that the trial court erred in dismissing his writ of habeas corpus based solely upon his initial non-compliance with R.C. 2969.25(A). We agree.
 {¶ 12} A writ of habeas corpus is necessary in certain exceptional circumstances where there is an unlawful restraint of an individual's liberty and there is no adequate remedy in the ordinary course of law.Johnson v. Timmerman-Cooper, 93 Ohio St.3d 614, 616, 2001-Ohio-1803. "As a general proposition, in order for a prisoner to be entitled to a writ of habeas corpus, he must be able to prove that his conviction was rendered by a trial court which acted beyond the scope of its jurisdiction." Novak v. Gansheimer, 11th Dist. No. 2003-A-0023, 2003-Ohio-5428, at ¶ 5, citing R.C. 2725.05. Accordingly, if a prisoner fails to present a jurisdictional error committed by the trial court in the underlying action, his habeas corpus claim will be subject to dismissal for failure to raise a viable claim for relief. Id.
 {¶ 13} In the instant case, appellant's writ of habeas corpus alleged that the Cuyahoga Common Pleas Court did not have jurisdiction to enter a conviction or sentence. Appellant based this claim upon the Cuyahoga Juvenile Court's purported failure to administer a physical examination, in accordance with R.C. 2151.26 and former Juv.R. 30, prior to his amenability hearing and bindover.
 {¶ 14} An allegation of an improper bindover raises a potential habeas corpus claim. See, e.g., In re Baker v. Stewart (1996),116 Ohio App.3d 580. "Absent a proper bindover procedure under R.C.2151.26, the jurisdiction of a juvenile court is exclusive and cannot be waived." Johnson at 617. Therefore, appellant has raised a sufficient claim of jurisdictional error to sustain his writ of habeas corpus action.
 {¶ 15} Moreover, appellant's writ of habeas corpus represents an appropriate remedy. Id. "`[W]hen a court's judgment is void because the court lacked subject-matter jurisdiction, habeas corpus is generally an appropriate remedy despite the availability of appeal.'" Davis v. Wolfe,92 Ohio St.3d 549, 552, 2001-Ohio-1281, quoting Rash v. Anderson (1997),80 Ohio St.3d 349, 350.
 {¶ 16} Accordingly, we first note that, under Ohio law, a writ of habeas corpus is a civil action. Fuqua v. Williams, 100 Ohio St.3d 211,2003-Ohio-5533, at ¶ 7. Therefore, "[t]he Civil Rules may apply to habeas cases where not `clearly inapplicable' by their nature." Gaskinsv. Shiplevy, 74 Ohio St.3d 149, 150, 1995-Ohio-262, quoting Pegan v.Crawmer (1995), 73 Ohio St.3d 607, 608.
 {¶ 17} R.C. 2969.25(A) provides the statutory prerequisites necessary to commence a habeas corpus action, to wit:
 {¶ 18} "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 {¶ 19} "(1) A brief description of the nature of the civil action or appeal;
 {¶ 20} "(2) The case name, case number, and the court in which the civil action or appeal was brought;
 {¶ 21} "(3) The name of each party to the civil action or appeal;
 {¶ 22} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."
 {¶ 23} If a prisoner fails to comply with the foregoing provisions, his or her habeas corpus action will be dismissed. See, e.g., Fuqua at ¶ 9. The Ohio Supreme Court, however, has held that Civ.R. 15(A) is applicable to a habeas corpus action and would allow a prisoner to amend his or her original writ. Gaskins at 150.
 {¶ 24} In relevant part, Civ.R. 15(A) states:
 {¶ 25} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"
 {¶ 26} The record before us establishes that the trial court never issued a written ruling on appellant's request for leave to amend his writ of habeas corpus. "`[W]hen a trial court fails to rule on a motion, the appellate court will presume the trial court overruled the motion.'"Karlen v. Carfangia (June 1, 2001), 11th Dist. No. 2000-T-0081, 2001 Ohio App. Lexis 2481, at 9, quoting Dozer v. Dozer (1993), 88 Ohio App.3d 296,303. Thus, for purposes of appeal, we assume that the trial court denied appellant's request for leave to amend his writ of habeas corpus.
 {¶ 27} That being said, the decision to grant leave to file an amended complaint is within the trial court's sound discretion. Absent an abuse of discretion, this court will not reverse the trial court's determination. Csejpes v. Cleveland Catholic Dioces (1996),109 Ohio App.3d 533, 541. To find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 28} Despite the trial court's broad discretion, a reading of Civ.R. 15(A) "indicates that a liberal amendment policy is favored."Butcher v. Three M Homes, Inc., (Mar. 31, 1995), 11th Dist. No. 93-G-1783, 1995 Ohio App. LEXIS 1266, at 17. "While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." Turner v. Cent. Local SchoolDist. (1999), 85 Ohio St.3d 95, 999, citing Hoover v. Sumlin (1984),12 Ohio St.3d 1, paragraph two of the syllabus.
 {¶ 29} After careful examination of the record before us, we conclude that the trial court abused its discretion in failing to grant leave for appellant to amend his writ of habeas corpus, as there is no evidence of bad faith, undue delay, or undue prejudice. First, absent from the record is any evidence that appellant's failure to initially comply with R.C.2969.25(A) was done in bad faith.
 {¶ 30} Moreover, appellant was first notified of his failure to comply with R.C. 2969.25(A) on or around September 27, 2002, the filing date of appellant's motion to dismiss. Appellant's request for leave, which included the requisite affidavit and list of recent civil actions, was filed in an expedient manner less than a month later on October 21, 2002. Thus, there is no evidence of undue delay.
 {¶ 31} Finally, the record fails to establish any undue prejudice incurred by appellee due to appellant's initial failure to comply with R.C. 2969.25(A). The filing requirements of R.C. 2969.25(A) were formulated to restrict abusive litigation by inmates which would impair judicial efficiency. See, e.g., Bell v. Beightler, 10th Dist. No. 02AP-569, 2003-Ohio-88, at ¶ 37. In accordance with this purpose, R.C.2969.25(B) states, "[i]f an inmate who files a civil action in a court of common pleas * * * has filed three or more civil actions or appeals of civil actions * * * in the preceding twelve months * * * the court may appoint a member of the bar to review the claim[.]" The purpose of the filing requirements of R.C. 2969.25(A) is to protect our judicial system from frivolous law suits commenced by inmates.
 {¶ 32} An examination of appellant's affidavit and list of recent civil actions confirms that appellant has fully complied with the statutory prerequisites of R.C. 2969.25(A). In addition, appellant's list of civil actions commenced within the five years prior to his writ of habeas corpus demonstrates that he had not filed any civil actions within the twelve months prior to the filing of his writ. Hence, there is simply no evidence that appellant's initial failure to properly file his writ of habeas corpus caused appellee any undue prejudice, as such failure did not require the appointment of a bar member to review the writ or alter the substance of the underlying action.
 {¶ 33} Appellee cites to Fuqua in an attempt to establish that the trial court did not abuse its discretion by denying appellant's request for leave of court to comply with R.C. 2969.25(A). Fuqua, however, is distinguishable from the instant case. In Fuqua, the petitioner filed a writ of habeas corpus in the court of appeals, but failed to file the affidavit required by R.C. 2969.25(A). Id. at ¶ 2. As a result, the petitioner requested leave of court to amend his writ with the required affidavit. Id. at ¶ 9. Despite the petitioner's request for leave, the court of appeals dismissed his writ based upon his failure to provide the requisite affidavit. Id. at ¶ 2.
 {¶ 34} The distinguishable factor of Fuqua is that, on appeal to the Ohio Supreme Court, the petitioner's sole argument was that R.C. 2969.25
was inapplicable to habeas corpus actions. Id. at ¶ 3. The petitioner never challenged the appellate court's denial of his request for leave of court as an abuse of discretion. Thus, the Court's isolated holding inFuqua was that "the provisions in R.C. 2969.21 et seq. apply to state habeas corpus actions[.]" Id. at ¶ 6. At no time did the Court hold that a petitioner is barred from amending his original petition, pursuant to Civ.R. 15(A), to conform with the statutory mandates of R.C. 2969.25.
 {¶ 35} Similarly, in Hawkins v. S. Ohio Correctional Facility,102 Ohio St.3d 299, 2004-Ohio-2893, the Ohio Supreme Court's decision to affirm the judgment of the appellate court, which dismissed the petitioner's writ of habeas corpus, is distinguishable from the case sub judice. Like Fuqua, absent from the Court's holding in Hawkins is any indication that Civ.R. 15(A) is inapplicable to a habeas corpus action. Instead, the Court's holding was predicated upon the petitioner's failure to comply with the commitment-paper and verification requirements of R.C. 2725.04. Id. at ¶ 4.
 {¶ 36} Contrary to the holdings of Fuqua and Hawkins, in Gaskins, the Ohio Supreme Court expressly held, "[t]he Civil Rules may apply to habeas cases where not `clearly inapplicable' by their nature. * * * We do not find Civ.R. 15(A) clearly inapplicable to habeas cases. Therefore, we hold that the court of appeals should have allowed the motion to amend and considered the bindover issue." (Internal citation omitted.) Id. at 150.
 {¶ 37} This broad statement of the law fails to carve out an exception which would preclude a petitioner from amending his or her writ of habeas corpus, pursuant to Civ.R. 15(A), to comply with the filing requirements of R.C. 2969.25(A). Accordingly, we hold that appellant was not barred from requesting leave of court to amend his writ of habeas corpus.
 {¶ 38} That being said, our examination of appellant's request for leave of court has determined that there is no evidence of bad faith, undue delay, or undue prejudice. Thus, the trial court abused its discretion by denying appellant's request for leave and dismissing appellant's writ of habeas corpus on the basis of appellant's failure to comply with R.C. 2969.25(A). Appellant's first assignment of error has merit.
 {¶ 39} Our analysis of appellant's first assignment of error has determined that the trial court erred by dismissing appellant's writ of habeas corpus based upon his failure to comply with R.C. 2969.25(A). As this was the sole basis of the court's judgment, it is clear that the merits of appellant's writ were not reviewed by the court. That being the case, appellant's writ stated at least a potentially valid cause of action and we will refrain from entering judgment with respect to the merits of appellant's writ of habeas corpus. Accordingly, appellant's second assignment of error is moot.
 {¶ 40} Based upon the foregoing analysis, appellant's first assignment of error is with merit and his second assignment of error is moot. We hereby reverse the judgment of the court and remand this matter for further proceedings consistent with this opinion.
O'Neill, J., concurs, Grendell, J., dissents with Dissenting Opinion.