OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner, Howard Lawrence Knowles, has filed a petition for writ of habeas corpus against respondent, Edwin C. Voorhies, Warden, Noble Correctional Institution. Petitioner argues that he is being held in prison unlawfully because his conviction resulted from an improper bindover from the juvenile division to the general division of the Muskingum County Common Pleas Court. Respondent has filed a motion to dismiss the petition.
 CASE HISTORY {¶ 2} In early 2000, petitioner, who was sixteen years old at the time, was arrested following a string of break-ins and robberies, and alleged to be delinquent for having committed various offenses in connection with those crimes. In juvenile case no. 20020096, he was charged with aggravated robbery with a firearm specification, theft, receiving stolen property, and possession of criminal tools. Later, in juvenile case no. 20020345, he was charged with breaking and entering, four counts of theft, and three counts of aggravated robbery each with a firearm specification.
 {¶ 3} The state moved to have both cases transferred from the juvenile division to the general division of the Muskingum County Common Pleas Court for criminal prosecution since certain of the alleged offenses were felonies involving a firearm. Following a bindover hearing on case no. 20020096, the juvenile court determined that there was probable cause that petitioner had committed aggravated robbery and possession of criminal tools, and transferred the case to the general division pursuant to the mandatory bindover provisions of R.C. 2151.26(B).
 {¶ 4} As for juvenile case no. 20020345, an exhibit attached to the petition reveals that it was scheduled for a preliminary hearing. However, the petition fails to contain a copy of any order that subsequently addressed that hearing or how it is was ultimately disposed of or resolved. Petitioner maintains that the case was bound over to the general division pursuant to the mandatory bindover provisions of R.C. 2151.26(B).
 {¶ 5} On March 29, 2000, a Muskingum County grand jury indicted petitioner *Page 3 
for aggravated robbery with a firearm specification, theft, and possession of criminal tools in case no. CR2000-0058 (apparently in connection with the charges originating from juvenile case no. 20020096). On September 20, 2000, petitioner was indicted for breaking and entering, four counts of theft, and three counts of aggravated robbery, each with a firearm specification in case no. CR2000-0165 (apparently in connection with the charges originating from juvenile case no. 20020345).
 {¶ 6} Following plea negotiations, petitioner agreed to plead guilty to all counts in exchange for the state agreeing to drop the gun specifications on two of the aggravated robbery counts in case no. CR2000-0165. The trial court sentenced petitioner to various terms for each of the offenses for an aggregate term of imprisonment of ten years.
 {¶ 7} On July 2, 2008, petitioner filed with this court a pro se petition for writ of habeas corpus. He argues that his bindover from the juvenile division to the general division was improper because the gun he was alleged to have possessed during the offenses was inoperable. Therefore, he maintains, the general division was without jurisdiction to convict and sentence him. Respondent has filed a multi-ground motion to dismiss.
 APPROPRIATENESS OF HABEAS AS REMEDY {¶ 8} Respondent argues that habeas corpus is not the appropriate legal remedy for petitioner's improper bindover claim. Citing extensive case law, he argues that where a petitioner had an adequate remedy at law through direct appeal or postconviction, then habeas corpus is not the proper avenue to pursue a claim that should have been raised in those forums. Respondent also argues that petitioner has not demonstrated that he is entitled to immediate release from confinement.
 {¶ 9} True, "[l]ike other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." In re Complaint for Writ of Habeas Corpus for Goeller,103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, at ¶ 6. "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal." *Page 4 Smith v. Bradshaw, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516. at ¶ 10.
 {¶ 10} However, "a claim of improper bindover alleges a potentially viable habeas corpus claim, [although] it must be emphasized that this is a limited exception to the general rule that habeas corpus relief is unavailable when there is an adequate remedy in the ordinary course of law." Agee v. Russell (2001), 92 Ohio St.3d 540, 544, 751 N.E.2d 1043. "Absent a proper bindover procedure under R.C. 2151.26, the jurisdiction of a juvenile court is exclusive and cannot be waived." Johnson v.Timmerman-Cooper, 93 Ohio St.3d 614, 617, 2001-Ohio-1803,757 N.E.2d 1153. "`[W]hen a court's judgment is void because the court lacked subject-matter jurisdiction, habeas corpus is generally an appropriate remedy despite the availability of appeal.'" Davis v. Wolfe,92 Ohio St.3d 549, 552, 751 N.E.2d 1051, 2001-Ohio-1281, quoting Rash v.Anderson (1997), 80 Ohio St.3d 349, 350, 686 N.E.2d 505. Moreover, the Court has specifically held that habeas corpus is an appropriate remedy where the petitioner is alleging an improper mandatory bindover due to a firearm specification. Johnson, supra. See, also, Snitzky v.Wilson, 11th Dist. No. 2004-T-0095, 2004-Ohio-7229. Therefore, petitioner has raised a sufficient claim of jurisdictional error to pursue his petition for writ of habeas corpus action and habeas corpus represents an appropriate remedy.
 COMMITMENT PAPERS {¶ 11} R.C. 2725.04(D) requires that a habeas petition contain a "copy of the commitment or cause of detention of such person * * * if it can be procured without impairing the efficiency of the remedy * * *." In this case, petitioner attached to his petition a copy of the juvenile court entry binding over case no. 20020096 to the general division. However, he did not attach a copy of the juvenile court's entry binding over case no. 20020345 to the general division.
 {¶ 12} As the respondent correctly notes, the Ohio Supreme Court has held that this provision requires dismissal of a habeas petition if the petitioner fails to attach all of the commitment papers pertinent to a claim challenging the juvenile court's bindover entry, including the bindover entry itself. State ex rel. Gilmore v. *Page 5 Mitchell (1999), 86 Ohio St.3d 302, 303, 714 N.E.2d 925. Respondent argues that the petition is facially and fatally defective because petitioner did not attach a copy of the juvenile court's entry binding over the charges in juvenile case no. 20020345.
 {¶ 13} To the extent that the petition does not contain a copy of the juvenile court's entry binding over case no. 20020345 to the general division, it is flawed under R.C. 2725.04(D) and Gilmore. However, petitioner's commitment in prison also arises, in part, from the gun related mandatory bindover in juvenile case no. 20020096 whichis attached to the petition. Therefore, we have a complete understanding of the petition and the cause of detention to the extent that the substance of the petitioner's claims in that regard can still be addressed.
 CERTIFIED ACCOUNT STATEMENT {¶ 14} Respondent argues that petitioner failed to comply with R.C. 2969.25(C), which requires an affidavit of indigency to be filed in order to have prepayment of full filing fees waived. This affidavit must set forth the balance in the inmate's account for each of the past six months, certified by the institutional cashier, and must set forth all other cash and things of value owned by the inmate. This requirement is mandatory for proper filing of the action in cases where filing fees are not prepaid. State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242; Harman v. Wellington (Dec. 20, 2001), 7th Dist. No. 00CA248; State ex rel. Jones v. Vivo (June 27, 2001), 7th Dist. No. 00CA273. Here, filing fees were not prepaid.
 {¶ 15} Contrary to respondent's assertion, petitioner did attach a certified account statement. It reads:
 {¶ 16} "I certify that the affiant Howard Knowles #411-029 herein has the sum of $24.56 on account to his/her credit at (name of institution) Noble Correctional Institution. I further certify that the applicant has the following securities to his/her credit: Zero. I further certify that during the past six months the affiant's average balance was $62.62."
 {¶ 17} The certificate contains a line at the end for the date and the signature *Page 6 
of the authorized officer. The name "Daniel C. Bachman" is typed there along with his designation as the "Account Clerk Supervisor." It appears as though Bachman then hand-signed his initials next to his typewritten name. Respondent has not taken issue with the authenticity of this document, so we are left to presume that the certificate, on its face, has sufficiently complied with R.C. 2969.25(C).
 MANDATORY BINDOVER DUE TO FIREARM {¶ 18} There are two types of bindovers from the juvenile court to the general division of the court of common pleas: mandatory bindover and discretionary bindover. Mandatory bindover is set forth in former R.C. 2151.26(B), and includes the following types of charges:
 {¶ 19} "(B) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:
 {¶ 20} "* * *
 {¶ 21} "(4) The act charged is a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:
 {¶ 22} "* * *
 {¶ 23} "(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged."
 {¶ 24} In other words, bindover was mandatory if the juvenile court found probable cause to believe the juvenile committed a category two offense, the juvenile *Page 7 
is at least sixteen, and the juvenile is alleged to have had a firearm on or about his person or under his control while committing the category two offense and to have displayed, brandished, indicated possession of or facilitated the offense with the firearm. R.C. 2151.26(B)(4)(b). Aggravated robbery was a category two offenses in former R.C. 2151.26(A). Petitioner acknowledges he was sixteen years of age at the time the aggravated robbery was alleged to have occurred and that he had a gun.
 {¶ 25} Petitioner cites State v. Hanning (2000), 89 Ohio St.3d 86,728 N.E.2d 1059, in which the Ohio Supreme Court held that the mandatory bindover provisions of former R.C. 2151.26(B)(4)(b) do not operate unless the delinquent child himself held or controlled the firearm and himself displayed, brandished or used the firearm in the commission of the crime. The main thrust of this petition and his argument is that the gun was inoperable rendering mandatory bindover inapplicable and, thus depriving the general division of the Muskingum County Common Pleas Court of jurisdiction to convict and sentence him.
 {¶ 26} Petitioner has attached to his petition various exhibits in support. Three of the exhibits are police supplementary reports written by Detective Rodman. Two of the exhibits are inventory forms of evidence collected. The last and most important exhibit is a copy of a report from the Bureau of Criminal Identification and Investigation (BCI) concerning two handguns that were recovered during the course of the investigation and linked to petitioner by his accomplices/codefendants — one revolver and one automatic. Petitioner claims that this report was withheld. After reviewing the report, it is apparent that the guns were submitted to BCI for fingerprint collection and identification. BCI indicated that neither of the guns revealed latent fingerprints that contained sufficient ridge detail to be used for identification purposes. However, in a parenthetical next to the revolver, it indicates that it was missing a "cylinder pin." Based solely on this report, petitioner maintains that the gun was inoperable.
 {¶ 27} A "firearm" is "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' *Page 8 
includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." R.C. 2923.11(B)(1). Concerning operability, "the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm." R.C. 2923.11(B)(2).
 {¶ 28} "The State can prove that the weapon was operable or could readily have been rendered operable at the time of the offense in a variety of ways without admitting the firearm allegedly employed in the crime into evidence." State v. Wright, 7th Dist. 03 MA 112,2004-Ohio-6802, at ¶ 61, citing State v. Gains (1989), 46 Ohio St.3d 65,545 N.E.2d 68, syllabus. In State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541, the Ohio Supreme Court held that "the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm" when determining whether a weapon was operable. Id. at paragraph one of the syllabus. Thus, a defendant who told a clerk that he was committing a "holdup", pointed a gun at the clerk, and told the clerk to be "quick, quick" could be convicted of a firearm specification since these actions contained an implicit threat to discharge the weapon. Id. at 383-384, 678 N.E.2d 541.
 {¶ 29} Since Thompkins, courts have routinely found sufficient evidence to support a firearm specification when the defendant brandished a firearm and implicitly threatens to fire it by pointing it at the victim. See State v. Sanders (1998), 130 Ohio App.3d 92, 101,719 N.E.2d 619 (The gun was pointed at a victim when she was ordered out of her car and the defendant cocked the gun and pointed it at another victim when taking that victim's money); State v. McElrath (1996),114 Ohio App.3d 516, 520, 683 N.E.2d 430 (Defendant pointed gun at customers and bartender while another man took cash from the register); State v.Pierce, 10th Dist. Nos. 02AP-1133, 02AP-1134, 2003-Ohio-4179, ¶ 20 (Defendant pointed gun at victim through a car window while demanding money); State v. Jackson, 10th Dist. No. 02AP-468, 2003-Ohio-1653, ¶ 44-45 (Defendant pulled gun and stuck it to the victim's *Page 9 
head while demanding money); State v. Macias, 2nd Dist. No. 1562, 2003-Ohio-1565, ¶ 15 (Defendant pointed what appeared to be a real gun at the victim while demanding her money); State v. Robinson, 8th Dist. No. 80718, 2003-Ohio-0156 (Defendant shoved a rifle barrel into the victim's back when the victim did not respond to another gunman's orders).
 {¶ 30} In this case, it is important to remember that there only had to be enough evidence to establish probable cause that the firearm petitioner brandished was operable (contrasted to the proof-beyond-a-reasonable-doubt cases just relied upon to explain proof of a firearm). Here, a cashier at one the establishments robbed by petitioner and his accomplice testified, "I saw two black males pulling down ski masks and running into the store and saying, This is a robbery, we're not joking." (Tr. 6.) Concerning the guns, she went on:
 {¶ 31} "Q. Okay. You indicated that both gentlemen had guns. Was there ever a gun pointed at you?
 {¶ 32} "A. Yes.
 {¶ 33} "Q. And did you feel threatened in any way?
 {¶ 34} "A. Yeah." (Tr 13.)
 {¶ 35} The manager of the store echoed the cashier's testimony. Consequently, the cashier's and manager's testimony was enough to establish probable cause that the weapon petitioner brandished was operable.
 {¶ 36} Moreover, on its face, the BCI report supplied by petitioner does little to help prove that the handgun he had was inoperable. It is apparent from the report that both of the handguns recovered were sent to BCI solely for fingerprint collection and identification. Nothing in the report indicates that they were sent to BCI to determine operability. And petitioner offers no explanation or proof how a missing "cylinder pin" would render a revolver inoperable or not readily capable of being rendered operable. Additionally, the supplementary reports provided by petitioner reveal that one of petitioner's accomplices revealed to the investigating officer that petitioner had possession ofboth of the handguns at different times. *Page 10 
 {¶ 37} For the foregoing reasons, respondent's motion to dismiss is granted and petitioner's petition for writ of habeas corpus is hereby dismissed.
 {¶ 38} Costs taxed against petitioner. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.
 Donofrio, J., Vukovich, J. and Waite, J., concurs. *Page 1