[Cite as *Johnson v. Sloan*, 2016-Ohio-5375.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT L. JOHNSON, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2016-A-0009** |
| BRIGHAM SLOAN, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Stephen P. Hanudel*, 124 Middle Avenue, Suite 900, Elyria, OH 44035 (For Petitioner).

*Mike DeWine*, Ohio Attorney General, and *Stephanie L. Watson*, Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Robert L. Johnson petitions this court to issue a writ of habeas corpus to Brigham Sloan, Warden of the Lake Erie Correctional Institution. Mr. Johnson contends Warden Sloan is confining him in contravention of law due to an improper juvenile bindover procedure. For the reasons that follow, we dismiss the petition.

{¶2} Mr. Johnson was bound over from the juvenile court in 1987 and pled guilty to one count of aggravated robbery, with a gun specification, and one count of aggravated murder, with a felony murder specification, in Cuyahoga County, Ohio. In

March 1988, the trial court sentenced Mr. Johnson to serve 10-15 years for the aggravated robbery conviction, 3 years for the gun specification, and life imprisonment for the aggravated murder conviction.

{¶3} Mr. Johnson was permitted to pursue a delayed direct appeal in the Eighth District Court of Appeals, which affirmed the trial court's judgment. *State v. Johnson*, 8th Dist. Cuyahoga Nos. 55295, 55811, & 55812, 1989 Ohio App. LEXIS 1525 (Apr. 20, 1989). His subsequent application for reopening was denied. *State v. Johnson*, 8th Dist. Cuyahoga Motion No. 16591, 2000 Ohio App. LEXIS 3617 (Apr. 20. 1989). The Ohio Supreme Court declined a discretionary appeal.

{¶4} Mr. Johnson later filed a motion for relief from judgment, which was denied by the trial court. He then filed a motion for leave to file a delayed motion for new trial, which the trial court granted, but the resulting motion for new trial was denied. The Eighth District affirmed the trial court's decision on appeal. *State v. Johnson*, 8th Dist. Cuyahoga No. 80247, 2002-Ohio-2712. The Supreme Court of Ohio again declined a discretionary appeal.

{¶5} In 2003, Mr. Johnson filed a petition for a writ of habeas corpus in the United States District Court, Northern District of Ohio, which was dismissed. Mr. Johnson's petition before this court indicates he was subsequently denied a certificate of appealability by the United States Court of Appeals for the Sixth Circuit.

{¶6} Mr. Johnson filed the instant petition for habeas corpus on January 29, 2016. According to Mr. Johnson's petition, he never raised the issue of an improper bindover procedure in any of the above-mentioned proceedings. This court issued an alternative writ on February 29, 2016. On March 24, 2016, Warden Sloan filed a Return

2

of Writ. Mr. Johnson construed this pleading as a motion to dismiss and filed a response in opposition. This court also accepts this pleading as a motion to dismiss, pursuant to Civ.R. 12(B)(6), as that is the relief requested therein.

{¶7} A writ of habeas corpus is a civil action under Ohio law. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶7. Therefore, "[t]he Civil Rules may apply to habeas cases where not 'clearly inapplicable' by their nature." *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 150 (1995) ("*Gaskins I*"), quoting *Pegan v. Crawmer*, 73 Ohio St.3d 607, 608 (1995).

{¶8} Under Civ.R. 12(B)(6), a respondent may move to dismiss a complaint for failure to state a claim upon which relief can be granted. In order to grant a dismissal of a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that the relator can prove no set of facts entitling him to relief. *Snitzky v. Wilson,* 11th Dist. Trumbull No. 2003-T-0095, 2004-Ohio-7229, ¶10 (citation omitted). "In construing a complaint upon a motion to dismiss for failure to state a claim, all factual allegations stated in the complaint must be presumed to be true and all reasonable inferences in favor of the nonmoving party be made." *Id.*, citing *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703 (11th Dist.).

{¶9} A writ of habeas corpus is necessary in certain exceptional circumstances where there is an unlawful restraint of an individual's liberty. *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001). Habeas corpus relief, like other extraordinary writ actions, is generally not available to a petitioner where there is or was an adequate remedy at law. *State ex rel. Fryerson v. Tate*, 84 Ohio St.3d 481, 485 (1999) ("*Fryerson II*"), citing *Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 383 (1996) ("*Gaskins II*"). The

3

Supreme Court has, however, "carved out a limited exception to this general rule, to apply when the habeas petitioner is challenging the jurisdiction of the court that sentenced him." *Id.* "Accordingly, if a prisoner fails to present a jurisdictional error committed by the trial court in the underlying action, his habeas corpus claim will be subject to dismissal for failure to raise a viable claim for relief." *Snitzky*, *supra*, at ¶12, citing *Novak v. Gansheimer*, 11th Dist. Ashtabula No. 2003-A-0023, 2003-Ohio-5428, ¶5, citing R.C. 2725.05.

{¶10} When alleging a trial court lacked subject matter jurisdiction, the habeas corpus petitioner must establish the lack of jurisdiction was "patent and unambiguous." *Ross v. Saros*, 99 Ohio St.3d 412, 2003-Ohio-4128, ¶14, citing *Agee v. Russell*, 92 Ohio St.3d 540, 544 (2001). This court has previously explained the concept of a "patent and unambiguous" lack of jurisdiction:

> [I]f there [is] no set of facts under which a trial court * * * could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court * * * generally has subject matter jurisdiction over the type of case in question and [its] authority to hear that specific action [depends] on the specific facts before [it], the jurisdictional defect is not obvious and the [trial court] should be allowed to decide the jurisdictional issue.

*State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶19.

{¶11} These requirements have been applied to habeas corpus petitions that allege unlawful restraint due to an improper bindover. *See, e.g., Gaskins I*, *supra*; *State ex rel. Harris v. Anderson*, 76 Ohio St.3d 193 (1996); *Fryerson II*, *supra*; *In re Baker v. Stewart*, 116 Ohio App.3d 580 (10th Dist.1996); and *Snitzky*, *supra*. Again, habeas corpus may lie only when the challenged bindover procedure is void, such that the trial

4

court patently and unambiguously lacked jurisdiction. *See In re Fryerson*, 7th Dist. Belmont No. 97-BA-38, 1997 Ohio App. LEXIS 5252, *3-4 (Oct. 24, 1997) ("*Fryerson I*"); *see also Stallings v. Mitchell*, 11th Dist. 97-T-0010, 1997 Ohio App. LEXIS 4572, *4 (Oct. 10, 1997), citing *Gaskins II, supra* ("the Supreme Court of Ohio has held that such a writ will not lie when the bindover judgment shows that the juvenile court followed the correct procedure").

{¶12} Here, the juvenile court issued its bindover judgments in 1987. At that time, R.C. 2151.26 and Juv.R. 30 required the court to conduct an investigation prior to bindover, including a mental and physical examination.[1] Former R.C. 2151.26(C) also expressly provided that the juvenile defendant could waive the physical examination. Following the investigation, the juvenile court was required to hold a hearing to determine whether the case should be transferred to the general division for the juvenile to be tried as an adult. *See* former R.C. 2151.26(A)(1)(c).

{¶13} Mr. Johnson alleges the Cuyahoga County Court of Common Pleas did not have jurisdiction to convict and sentence him due to a purported failure to administer the physical examination prior to his amenability hearing and bindover from juvenile court. Mr. Johnson concedes he received two mental examinations, both of which indicated he was amenable to bindover.

{¶14} The bindover judgments issued by the juvenile court indicate that a physical examination was, in fact, administered. Although Mr. Johnson now asserts such examination never took place, the entries were sufficient to invoke the jurisdiction of the common pleas court to convict and sentence him. The common pleas court had

---

1. R.C. 2151.26 was repealed effective January 1, 2002, and recodified as R.C. 2152.12. Pursuant to R.C. 2152.12 and the current Juv.R. 30, a physical examination is no longer required prior to a juvenile's bindover to be tried as an adult.

general subject matter jurisdiction over the type of case in question, i.e., a juvenile criminal case bound over, and its authority to hear Mr. Johnson's case depended on the specific facts before it, i.e., a proper bindover.

{¶15} The bindover judgments, on their face, reflect that the requirements for a proper bindover were met; therefore, any alleged lack of jurisdiction was not "patent and unambiguous." Mr. Johnson possessed an adequate remedy at law to raise the physical examination issue in his direct appeal from his conviction and sentence, which he did not do. Therefore, even presuming these allegations as true, Mr. Johnson can prove no set of facts that would entitle him to relief, by means of a writ of habeas corpus, for lack of a physical examination prior to bindover.

{¶16} For this reason, Warden Sloan's motion to dismiss has merit, and Mr. Johnson's petition for a writ of habeas corpus is hereby dismissed.


CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.

6