[Cite as *State ex rel. Johnson v. Reynolds*, 2025-Ohio-5710.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| ROBERT D. JOHNSON, | CASE NO. 2025-A-0053 |
| Petitioner, | |
| - vs - | Original Action for<br>Writ of Habeas Corpus |
| WARDEN STEPHEN REYNOLDS, | |
| Respondent. | |

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: December 22, 2025
Judgment: Petition dismissed

*Robert D. Johnson*, pro se, PID# A702-836, Lake Erie Correctional Institution, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Jerri L. Fosnaught*, Assistant Attorney General, Criminal Justice Section, State Office Tower, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} On September 19, 2025, petitioner, Robert D. Johnson, an inmate at the Lake County Correctional Institution in Conneaut, Ohio, filed a petition for writ of habeas corpus, pursuant R.C. 2725.01 and R.C. 2725.04, against respondent, Warden Stephen Reynolds. After this court issued an alternative writ, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6). For the reasons discussed below, we grant respondent's motion to dismiss the petition.

{¶2} In 2017, petitioner was charged with attempted rape, aggravated burglary, burglary, abduction, assault, and criminal damaging all of which were a result of an incident with his previous girlfriend. *State v. Johnson*, 2018-Ohio-3999, ¶ 2 (8th Dist.). The matter proceeded to jury trial after which petitioner was found guilty on all charges. *Id.* at ¶ 15. The trial court determined that the attempted rape did not merge with the burglary or aggravated burglary, but the burglary and aggravated burglary merged. *Id.* After the State elected to proceed to sentence on the attempted rape and assault charges, petitioner was sentenced to an aggregate term of 12 years in prison.[1] Petitioner filed a direct appeal alleging the trial court erred in failing to merge the guilty findings on the attempted rape and aggravated burglary charges. He also challenged the trial court's imposition of the maximum term for attempted rape. The Eighth District Court of Appeals affirmed. *Id.* at ¶ 59-60.

{¶3} Earlier in 2025, petitioner filed a petition for writ of habeas corpus with this court, which respondent duly opposed, seeking relief due to alleged defects in the original sentencing entry. In that matter, petitioner alleged respondent did not have authority to detain him because the Eighth Appellate District did not have subject matter jurisdiction to "'manufacture petitioner[']s direct appeal and use count 5 assault as separate and identifiable harm when it was not an assignment of error raised by petitioner appeal attorney . . . .'" *Johnson v. Reynolds*, 2025-Ohio-2929, ¶ 4 (11th Dist.).

{¶4} On August 18, 2025, this court observed "to the extent that [petitioner's] petition could be read as challenging the jurisdiction of the sentencing court to impose

---

1. Petitioner was sentenced to eight years for attempted rape, four years for aggravated burglary, 12 months for abduction, and 180 days for assault and criminal damaging. The trial court ordered the sentences for attempted rape and aggravated burglary to run consecutively with each other and concurrent to the remaining counts. *State v. Johnson*, 2018-Ohio-3999, ¶ 15 (8th Dist.).

separate sentences for attempted rape and aggravated burglary, such a challenge is not jurisdictional." *Id.* at ¶ 8. This court further observed that petitioner's argument that the Eighth Appellate District lacked jurisdiction to affirm the sentence did not "challenge the jurisdiction *of the trial court* to impose separate sentences." (Emphasis in original.) *Id.* at ¶ 9. This court observed that petitioner's challenge of the Eighth District's opinion alleged error in that court, and thus his "recourse was to seek review with the Ohio Supreme Court. . . ." *Id.* at ¶ 12. He did so, and the Supreme Court denied the same. *Id.* This court accordingly dismissed the petition for failure to state a claim upon which habeas relief may be granted. *Id.* at ¶ 13-14.

{¶5} Petitioner now files the instant original action, which respondent has duly opposed.

{¶6} In a petition for writ of habeas corpus, the petitioner has the burden of proving his or her right to release from prison. *Chari v. Vore*, 2001-Ohio-49, ¶ 10. "[T]he petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings." (Citation omitted.) *Id.* at ¶ 11.

{¶7} A writ of habeas corpus is necessary in certain exceptional circumstances where there is an unlawful restraint of an individual's liberty. *Johnson v. Timmerman-Cooper,* 2001-Ohio-1803, ¶ 14. Habeas corpus relief, like other extraordinary writ actions, is generally not available to a petitioner where there is or was an adequate remedy at law. *State ex rel. Fryerson v. Tate,* 1999-Ohio-465, ¶ 17, citing *Gaskins v. Shiplevy,* 1996-Ohio-387, ¶ 15. The Supreme Court of Ohio, however, has "carved out a limited exception to this general rule, to apply when the habeas petitioner is challenging the jurisdiction of the court that sentenced [the petitioner]." *Tate* at ¶ 17. "[I]f a prisoner fails to present a

jurisdictional error committed by the trial court in the underlying action, his habeas corpus claim will be subject to dismissal for failure to raise a viable claim for relief." *Snitzky v. Wilson*, 2004-Ohio-7229, ¶ 12 (11th Dist.), citing *Novak v. Gansheimer,* 2003-Ohio-5428, ¶ 5 (11th Dist.), citing R.C. 2725.05 ("If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed.") .

{¶8}     When alleging a trial court lacked subject-matter jurisdiction, the petition for habeas corpus relief must establish the lack of jurisdiction was """patent and unambiguous . . . .""" (Emphasis omitted.) *Ross v. Saros,* 2003-Ohio-4128, ¶ 14, quoting *State ex rel. United States Steel Corp. v. Zaleski*, 2003-Ohio-1630, ¶ 8, quoting *State ex rel. Nalls v. Russo*, 2002-Ohio-4907, ¶ 18. This court has previously explained the concept of a "patent and unambiguous" lack of jurisdiction:

> "[I]f there [is] no set of facts under which a trial court . . . could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court . . . generally has subject matter jurisdiction over the type of case in question and [its] authority to hear that specific action [depends] on the specific facts before [it], the jurisdictional defect is not obvious and the [trial court] should be allowed to decide the jurisdictional issue."

(Bracketed text in original.) *Johnson v. Sloan*, 2016-Ohio-5375, ¶ 10 (11th Dist.), quoting *State ex rel. The Leatherworks Partnership v. Stuard,* 2002-Ohio-6477, ¶ 19 (11th Dist.).

Case No. 2025-A-0053

{¶9} Respondent filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

{¶10} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." (Citation omitted.) *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. To grant a motion to dismiss under Civ.R. 12(B)(6), it must appear beyond doubt that the petitioner can prove no set of facts in support of the claim that would entitle him to the requested relief. *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.

{¶11} When considering a Civ.R. 12(B)(6) motion, we only review the complaint and must accept all factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 2004-Ohio-6410, ¶ 5. A court "cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion." (Citations omitted.) *State ex rel. Fuqua v. Alexander*, 1997-Ohio-169, ¶ 5.

{¶12} Petitioner claims the trial court lacked subject matter and personal jurisdiction over the case and him and, as a result, the underlying convictions are void. Specifically, he maintains the trial court failed to arraign him on video or in open court; he also claims the State failed to properly indict him; he asserts he was "never read his en masse rights on record"; and he was never advised of his right to counsel.

{¶13} A judgment is only void if the trial court lacked personal jurisdiction over the defendant or subject matter jurisdiction over the case. *State v. Henderson*, 2020-Ohio-4784, ¶ 34. In a criminal case, the court secures jurisdiction over the person by the lawful process of arrest and arraignment of the defendant and his plea to the charge. *Id.* at ¶ 36,

Case No. 2025-A-0053

citing *Tari v. State*, 117 Ohio St. 481, 490 (1927). The General Assembly vested common pleas courts with the authority to adjudicate criminal cases, except minor offenses. *Henderson* at ¶ 35, citing R.C. 2931.03. Felony cases are included. *Id.*

{¶14} With these legal principles in mind, we additionally observe that, pursuant to Evid.R. 201(B), courts may take judicial notice of facts that are not subject to reasonable dispute. Such facts may include those available on a publicly accessible website. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18 (taking judicial notice of information presented in an unopposed motion and which was also available on a publicly accessible website).

{¶15} The Cuyahoga County Clerk of Courts is a publicly accessible website and includes the docket of the underlying case, i.e., *State v. Johnson*, Court of Common Pleas, Cuyahoga County, No. CR-17-614774-A. Based on the foregoing, it is appropriate in this instance to take judicial notice of the docket of the common pleas court in Case No. CR-17-614774-A. *See, e.g., State ex rel. Hayes v. Phipps*, 2024-Ohio-1286, ¶ 6, fn. 1 (10th Dist.) (The Tenth Appellate District adopted its magistrate's decision taking judicial notice of the court of common pleas' docket for the purpose of addressing petitions for writ of mandamus/procedendo and/or habeas corpus.).

{¶16} Here, the docket in Case No. CR-17-614774-A demonstrates that, on February 27, 2017, petitioner was arrested. He made an initial appearance on March 2, 2017, and, after he was declared indigent, he was duly appointed an attorney to represent him. On March 6, 2017, petitioner was served with the indictment. He was, accordingly, pursuant to due process, appropriately indicted. *See also Johnson*, 2018-Ohio-3999, at ¶ 36 (8th Dist.) (where the Eighth District, in petitioner's direct appeal, states "[t]he

indictment was dated 'on or about February 24, 2017 . . .'"). On March 9, 2017, an arraignment was held in which petitioner pleaded "not guilty" and waived a reading of the indictment, and the court additionally confirmed petitioner's indigence, reiterating the appointment of counsel.

{¶17} Because petitioner was arrested, indicted, and arraigned, the trial court possessed personal jurisdiction over petitioner. *See Henderson*, 2020-Ohio-4784, at ¶ 36. Further, because the underlying matter was a felony, criminal matter, the trial court had subject matter jurisdiction over his underlying charges. *Id.* at ¶ 35. Moreover, petitioner was appointed counsel. It is unclear what petitioner means by asserting the trial court did not read his "en masse rights on record." Nevertheless, he fails to allege how any such alleged omission is jurisdictional in nature. Because we conclude the trial court possessed proper jurisdiction over the underlying criminal matter, its judgment was not void.

{¶18} We point out that "[i]f the court has jurisdiction over the case and the person, any error in the court's exercise of that jurisdiction is voidable." *Id.* at ¶ 34. Generally, a voidable judgment must be challenged on direct appeal. *State v. Harper*, 2020-Ohio-2913, ¶ 26. "[T]he failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson* at ¶ 17, citing *Tari* at 495.

{¶19} As noted above, petitioner filed a direct appeal. *See Johnson*, 2018-Ohio-3999 (8th Dist.). He did not raise any of the issues alleged in the underlying petition. He accordingly forfeited any alleged error that did not invoke the trial court's jurisdiction.

{¶20} Finally, because we conclude that the trial court possessed the necessary jurisdiction to render convictions on the underlying verdicts, it follows that petitioner is being lawfully detained in prison. Moreover, his maximum sentence of 12 years does not expire until February 2029. "Habeas corpus is generally available only when the petitioner's *maximum* sentence has expired and he is being held unlawfully." (Emphasis in original.) (Citation omitted.) *State ex rel. Fuller v. Eppinger*, 2018-Ohio-2629, ¶ 8. Petitioner has not served his maximum sentence and, as a result, is not entitled to relief in habeas corpus for this additional reason.

{¶21} Petitioner has failed to state a claim upon which relief might be granted. We therefore grant respondent's Civ.R. 12(B)(6) motion to dismiss the underlying petition. As such, the petition for writ of habeas corpus is dismissed.

MATT LYNCH, J., EUGENE A. LUCCI, J., SCOTT LYNCH, J., concur.

Case No. 2025-A-0053

## JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this court, respondent's motion to dismiss is granted, and petitioner's petition for writ of habeas corpus is dismissed.

Pursuant to this entry, any pending motions are hereby overruled as moot.

Costs to be taxed against petitioner.

JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0053